**CALCATERRA POLLACK LLP**
MICHAEL LISKOW (243899)
JANINE L. POLLACK, ESQ.
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Phone: (212) 899-1760
Fax: (332) 206-2073
Email: mliskow@calcaterrapollack.com
jpollack@calcaterrapollack.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHRYN MCCARTHY and GABRIELLE STUVE, on behalf of themselves and all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | (1) PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 PS § 201 *ET SEQ.*; |
| v. | (2) VIOLATIONS OF NEW YORK CONSUMER LAW FOR DECEPTIVE ACTS AND PRACTICES, N.Y. GEN. BUS. LAW § 349; |
| ANNIE'S HOMEGROWN, INC., | (3) VIOLATIONS OF NEW YORK CONSUMER LAW FOR FALSE ADVERTISING, N.Y. GEN. BUS. LAW § 350; |
| Defendant. | (4) VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW, § 17500; |
| | (5) VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW § 17200; |
| | (6) UNJUST ENRICHMENT; |
| | (7) BREACH OF EXPRESS WARRANTY; |
| | (8) BREACH OF IMPLIED WARRANTY. |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiffs Kathryn McCarthy and Gabrielle Stuve ("Plaintiffs"), by and through their counsel, on their own behalf and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant Annie's Homegrown, Inc. ("Annie's Homegrown" or "Defendant") and allege the following facts in support of their claims against Defendant based upon personal knowledge, where applicable, information and belief, and the investigation of counsel:

## I.   INTRODUCTION

1.   The ubiquitous boxed macaroni and cheese has long been a staple meal in many U.S. households for children and adults alike.  Defendant has profited from this fact with the sales of its popular Annie's Homegrown brand of non-vegan boxed macaroni and cheese products (the "Annie's Homegrown Mac & Cheese Products" or the "Products").  But Defendant has improperly and misleadingly packaged and marketed its Products to consumers, like Plaintiffs, by failing to disclose on the Products' packaging that the Products contain (or are at risk of containing) "ortho-phthalates," also known as "phthalates," which are dangerous and harmful chemicals.

2.   There is increasing scientific evidence linking phthalate exposure with harmful health outcomes and dairy has been found to be a major source of exposure.  For most people, food is generally the greatest exposure to phthalates and fattier and more processed foods tend to have the highest phthalate levels.  The cumulative effect of phthalates is concerning, particularly because studies show that one in five American adults eats 81 percent of their calories from ultra-processed foods, including foods such as powdered macaroni and cheese products.  Phthalates are classified as endocrine-disrupting chemicals and have been linked to adverse health effects.  For example, studies have found that in adult populations, there is an association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality.  There is also evidence linking endometriosis in women with high phthalate metabolite levels and increases in waist circumference and body mass index (BMI) have been linked to exposure in men

and adolescent and adult females.   Moreover, scientific findings have shown that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys.   In fact, according to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children."   The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories.   It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication."   In fact, in 2008, Congress banned several phthalates from children's toys and childcare articles.

3.      Reasonable consumers, like Plaintiffs, trust manufacturers like Defendant to sell food that is healthy, nutritious, and free from harmful toxins, contaminants, and chemicals. Reasonable consumers, like Plaintiffs, certainly expect the food they eat and feed their family to be free from phthalates, substances known to have health consequences.

4.      Consumers lack the scientific knowledge necessary to determine whether the Defendant's products do in fact contain phthalates, or other undesirable toxins or contaminants, or to ascertain the true nature of the ingredients and quality of the products.   Reasonable consumers therefore must and do rely on Defendant to honestly report what its Products contain on the product packaging or labels.   However, public reports and articles, including in the recesses of Defendant's own website, reveal that Defendant's Annie's Homegrown Mac & Cheese Products contain (or

are at risk of containing) phthalates.  Despite this, the consumer-facing message Defendant chose failed to reference anything on phthalates. Indeed, nowhere on the Products' packaging or labeling is there any disclosure on the inclusion (or possible inclusion) of phthalates.  Instead, Annie's Homegrown Mac & Cheese Products' packaging represents and promises that its Products are wholesome, organic and healthy.  The very brand name – "Annie's Homegrown" – leads reasonable consumers to believe the product is wholesome and healthy and does not contain dangerous chemicals like phthalates.  All of the packaging for the Products states either that the Products are "made with organic pasta" or entirely certified as "Organic," yet another representation of their wholesomeness and healthiness.

5.     But phthalates are toxic industrial chemicals that are far from organic, wholesome or healthy.  The mascot for Annie's Homegrown is a bunny and every Annie's Homegrown Mac & Cheese Product contains the "Bunny of Approval," or "Rabbit of Approval," an apparent play on the "Seal of Approval," conveying that the Products are of high quality and are a trusted source of healthy food.  The tag line on the Products' packaging says, "Made with Goodness!"  However, instead of being wholesome, healthy, and of high quality, or "Made with Goodness!" as prominently stated on its packaging, the products contain (or are at risk of containing) dangerous and harmful phthalates.  On the hard to find "Frequently Asked Questions" section of the Annie's Homegrown website, under "Recent Questions," Defendant states:  "We continue to work with our trusted suppliers to eliminate ortho-phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[1]  While the statements on the Annie's Homegrown website are buried in the Frequently Asked Questions section, they are nonetheless an admission by Defendant that it is information a

---

[1] https://www.annies.com/faq/ (last accessed April 1, 2021).

CLASS ACTION COMPLAINT

reasonable consumer would consider important.  Yet no information about the presence (or risk) of phthalates in the Annie's Homegrown Mac & Cheese Products is disclosed anywhere on the packaging.

6.    Plaintiffs bring this class action against Defendant for deceptive business practices, including misrepresentations and omissions, as well as breach of warranty and unjust enrichment, regarding the presence (or risk) of dangerous phthalates in the Annie's Homegrown Mac & Cheese Products, including those that Plaintiffs purchased.  Plaintiffs seek injunctive and monetary relief on behalf of the proposed Class including (i) requiring full disclosure of all such substances and ingredients in Defendant's marketing, advertising, and labeling; (ii) requiring testing of all ingredients and final products for such substances; and (iii) restoring monies to the members of the proposed Class.  Through this action, Plaintiffs assert claims for breach of warranty and unjust enrichment, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PS § 201 *et seq.*, the New York Consumer Law for Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349, the New York Consumer Law for False Advertising, N.Y. Gen Bus. Law § 350, and California Business & Professions Code §§ 17200 and 17500, *et seq.*, seeking monetary damages, injunctive relief, and all other relief as authorized in equity or by law.

## PARTIES

*Plaintiffs*

7.    Plaintiff Kathryn McCarthy is a citizen and resident of the State of Pennsylvania, residing in Export, Pennsylvania.  During the applicable statute of limitations period, Plaintiff McCarthy purchased Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendant that contained (or were at risk of containing) undisclosed dangerous phthalates, including Annie's Macaroni & Cheese Shells and Real Aged Cheddar, Annie's Classic

CLASS ACTION COMPLAINT

Cheddar Mac & Cheese (also called Annie's Macaroni & Classic Cheddar), and Annie's Spirals with Butter and Parmesan. Plaintiff McCarthy relied on the material misrepresentations on the Products' packaging discussed herein that the Products are healthy, nutritious and wholesome, and on the material omission that the Products contain (or risk containing) dangerous phthalates. Plaintiff McCarthy was unaware that the Products contained phthalates and would not have purchased the Products if that were fully disclosed. As a result of Defendant's negligent, reckless, and/or knowingly deceptive conduct as alleged herein, Plaintiff McCarthy was injured when she paid the purchase price and/or a price premium for the Products that did not deliver what Defendant promised. Plaintiff McCarthy paid the above sum in reliance that the labeling of the Products was accurate, that there were no material omissions, and that the Products were healthy, nutritious and wholesome. Plaintiff McCarthy would not have purchased the Products had she known they contained phthalates. Plaintiff McCarthy would purchase the Products again if Defendant (i) eliminated the phthalates; and (ii) undertook corrective changes to the packaging to affirm same. Damages can be calculated through expert testimony at trial.

8. Plaintiff Gabrielle Stuve is a citizen and resident of the State of New York, residing in Hauppauge, New York. During the applicable statute of limitations period, Plaintiff Stuve purchased Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendant that contained (or were at risk of containing) undisclosed dangerous phthalates, including Annie's Organic Classic Cheddar Mac & Cheese. Plaintiff Stuve relied on the material misrepresentations discussed herein that the Products are healthy, nutritious and wholesome, and on the material omission that the Products contain (or risk containing) dangerous phthalates. Plaintiff Stuve was unaware that the Products contained phthalates and would not have purchased the Products if that were fully disclosed. As a result of Defendant's negligent, reckless, and/or

knowingly deceptive conduct as alleged herein, Plaintiff Stuve was injured when she paid the purchase price and/or a price premium for the Products that did not deliver what Defendant promised.  Plaintiff Stuve paid the above sum in reliance that the labeling of the Products was accurate, that there were no material omissions, and that the Products were healthy, nutritious and wholesome.  Plaintiff Stuve would not have purchased the Products had she known they contained phthalates.  Plaintiff Stuve would purchase the Products again if Defendant (i) eliminated the phthalates; and (ii) undertook corrective changes to the packaging to affirm same.  Damages can be calculated through expert testimony at trial.

***Defendant Annie's Homegrown***

9.      Defendant Annie's Homegrown is a wholly-owned subsidiary of General Mills, Inc.  Annie's Homegrown's principal place of business is located at 1610 Fifth Street, Berkeley,

California 94710, and its Customer Relations Department is located there.  Defendant is a citizen of the State of California.

10.     Defendant packages, labels, markets, advertises, formulates, manufactures, distributes, and sells Annie's Homegrown Mac & Cheese Products throughout the United States, including California, Pennsylvania and New York.

11.     Public reports indicate that Annie's Homegrown is the second largest seller of macaroni and cheese products after The Kraft Heinz Company.[2]

12.     Defendant's website is www.annies.com.

13.     Defendant shows 24 non-vegan varieties of Annie's Homegrown Mac & Cheese Products on its Annie's Homegrown website.[3]

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2), because at least one Class Member is of diverse

_____

[2] *See* https://www.mentalfloss.com/article/74703/annies-homegrown-facts (last accessed April 1, 2021) ("only Kraft sells more of the cheesy comfort food").

[3] Those varieties are as follows: Shells & White Cheddar Mac & Cheese; Organic Shells & White Cheddar Mac & Cheese; Classic Cheddar Mac & Cheese; Organic Classic Cheddar Mac & Cheese; Shells & Real Aged Cheddar Mac & Cheese; Organic Shells & Real Aged Cheddar Mac & Cheese; Organic Macaroni & Cheese Classic Cheddar Cheese with 12g Protein; Gluten Free Rice Pasta & Cheddar Mac; Rice Pasta Shells & White Cheddar; Red Lentil Spirals & White Cheddar; Organic Shells & White Cheddar Mac & Cheese with Whole Grains; Organic Farm Friends & Cheddar Mac & Cheese; Organic Grass Fed Shells & White Cheddar Mac & Cheese; Organic Grass Fed Shells & Real Aged Cheddar Mac & Cheese; Organic Mac & Bees Mac & Cheese; Mac & Trees Mac & Cheese; Quinoa Rice Pasta & White Cheddar; Reduced Sodium Mac & Cheese; Organic Peace Pasta & Parmesan Mac & Cheese; Spirals With Butter & Parmesan; Organic Alfredo Shells & Cheddar Mac & Cheese; Penne & Four Cheese Mac & Cheese; Bunny Pasta with Yummy Cheese Mac & Cheese; Organic Grass Fed Classic Cheddar Mac & Cheese.  *See* https://www.annies.com/products/classic-mac-and-cheese/?diet=37&per_page=36 (last accessed April 1, 2021).

state citizenship from Defendant, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

15.    The Northern District of California has personal jurisdiction over Defendant as Defendant conducts substantial business in this District and has its principal place of business, including its Customer Relations Department, located in the District.

16.    Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant has its principal place of business, including its Customer Relations Department, located in the District and because a substantial part of the events, misrepresentations and/or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and emanated from this District.

## II.    FACTUAL ALLEGATIONS

### Phthalates Are Toxic Industrial Chemicals Found in Macaroni and Cheese

17.    In 2017, the Coalition for Safer Food Processing and Packaging (the "Coalition"), a group of nonprofit consumer health and food safety advocacy organizations, published a study (the "Study") that tested, among other cheese products, cheese powder in ten varieties of macaroni and cheese.[4]   The Study did not publicly identify the brands for which the cheese powder was tested.  Defendant indicates on Annie's Homegrown's website that it is aware of the  "report of phthalates found in dairy ingredients of macaroni and cheese," and that Annie's Homegrown has tested its macaroni and cheese products and they do contain phthalates.[5]  Annie's Homegrown's website further states, "We continue to work with our trusted suppliers to eliminate phthalates that

---

[4] http://kleanupkraft.org/data-summary.pdf (last accessed April 1, 2021).
[5] https://www.annies.com/faq/ (last accessed April 1, 2021).

may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[6]

18.     The 2017 Study seemingly acknowledged by Defendant on its Annie's Homegrown website concluded that phthalates were found in all 10 of the varieties and that on average the phthalate levels in the ten macaroni and cheese powders tested were **more than four times higher** than in the 15 natural cheeses tested, which were block cheese, string cheese, cottage cheese, and shredded cheese[7] The Study also concluded that "DEHP, the most widely restricted phthalate, was found more often and at a much higher average concentration than any other phthalate, among all the cheese products tested."[8]  While Defendant conceded on its website that its Annie's Mac & Cheese Products do contain (or risk containing) phthalates, and that it is important to "eliminate" such phthalates, it never disclosed anything about phthalates on the Products' packaging.

19.     Given the results of the Study, the Coalition wrote a public letter dated June 14, 2017 to the Chief Executive Officer of The Kraft Heinz Company, asking it, as the leading U.S. seller of macaroni and cheese products, to "eliminate toxic industrial chemicals known as *ortho*-phthalates from your food products."[9]  According to the letter, the Coalition stated that it had detected phthalates in Kraft's products through the testing and wanted to meet with Kraft to discuss

---

[6] *Id.*
[7] PhthalatesLabReport.pdf (kleanupkraft.org) (last accessed April 1, 2021).
[8] http://kleanupkraft.org/data-summary.pdf (last accessed April 1, 2021). *See also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed April 1, 2021), at 90 (CPSC states that regarding DEHP, which is not allowed in children's toys and child care products at levels greater than 0.1%, "[a] complete dataset suggests that exposure to DEHP in utero can induce adverse developmental changes to the male reproductive tract. Exposure to DEHP can also adversely affect many other organs such as the liver and thyroid.").
[9] http://kleanupkraft.org/kraft-phthalates-6-14-17.pdf (last accessed April 1, 2021).

CLASS ACTION COMPLAINT

this as it was planning a public outreach campaign.[10]  The letter stated that pregnant women and young children are the "most vulnerable groups" and that food is "often the number one source of phthalates exposure."[11]  Fatty foods, including dairy products, appears to be "the greatest contributor of dietary exposure to phthalates," according to the letter.[12]  The Coalition explained and cited the scientific findings to date showing that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys.[13]  Moreover, the letter stated that cumulative exposure to phthalates is of particular concern.[14]  The letter noted that "safer alternatives are already commercially available for many uses of phthalates."[15]

20.     In a public statement dated July 20, 2017, following the letter to Kraft's CEO, the Coalition further noted:  "This serious public health risk stems from daily exposure to phthalates from *all* sources combined.  This is what's known as an unacceptable 'cumulative risk.'  Kraft asserts that the amount of phthalates in the products we tested is many times 'lower than levels that scientific authorities have identified as acceptable.'  What Kraft didn't say is that the only acceptable levels that exist apply to the *total* daily intake of phthalates from *all* sources combined, not from any single product.  With phthalates found in some dairy products, baked goods, oils, infant formula, fast food, consumer products, house dust – together, these daily exposures add up

---

[10] *See id.*
[11] *Id.*
[12] *Id.*
[13] *See id.*
[14] *See id.*
[15] *Id.*

CLASS ACTION COMPLAINT

to too much."[16]  The letter further noted that the ten macaroni and cheese powders that were tested "had the highest levels of phthalates of the product items we tested."[17]

21.     Annie's Homegrown's website states that the Food and Drug Administration (the "FDA") has not adopted a standard for acceptable levels of phthalates in food but that the European Food Safety Authority (EFSA) "has published risk assessment data which notes a Total Daily Intake of 0.05 mg/kg of body weight."[18]

22.     The cumulative effect of phthalates is particularly concerning, especially since studies show that one in five American adults eats 81 percent of their calories from ultra-processed foods, including foods such as powdered macaroni and cheese products.[19]  In a recent letter, dated March 11, 2020, addressed to the Chief Executive Officer of The Kraft Heinz Company, which included signatories from disability organizations from 22 states, the chair of Harvard's Department of Environmental Health, and public health experts from several additional universities, the signatories noted that the "National Academy of Sciences estimates that environmental factors, including toxic chemicals, cause or contribute to at least a quarter of learning and developmental disabilities in American children," and that Kraft should lead the industry "by ensuring its supply chain is free of phthalates."[20]  The letter further stated that "[s]cientific studies show that daily cumulative exposure to phthalates poses an unacceptable health risk to pregnant women and young children.  Elevated phthalate exposure has been found to interfere with the reproductive functions of both men and women and impede brain development

---

[16] https://www.kleanupkraft.org/CoalitionStatement7-20.pdf (last accessed April 1, 2021).
[17] *Id.*
[18] https://www.annies.com/faq/.
[19] *See, e.g.*, https://www.ewg.org/news-and-analysis/2019/09/kraft-heinz-rejects-effort-get-phthalates-out-mac-and-cheese (citing https://pubmed.ncbi.nlm.nih.gov/30820487/).
[20] https://www.toxicfreefood.org/wp-content/uploads/LDA-Sign-On-Letter-to-Kraft-Heinz-3.11.20.pdf (last accessed April 1, 2021).

in children.  For most people, the food we eat is the greatest exposure pathway to phthalates.  Foods that are fattier and more processed tend to have the highest phthalate levels."[21]

23.     Studies in addition to those noted above indicate and/or discuss the harmful and dangerous effects of phthalates.  For example, a study in 2014 sought to identify the primary foods associated with increased exposure to phthalates.  The study stated, "Given the increasing scientific evidence base linking phthalate exposure with harmful health outcomes, it is important to understand major sources of exposure."[22]  Dairy was found to be one of those sources.  According to the study, phthalates "are classified as endocrine-disrupting chemicals and have been linked to adverse health effects particularly in relation to early life exposure."  The study further noted that in "adult populations, various epidemiological studies support an association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality."  It also noted that "evidence linking endometriosis in women with high phthalate metabolite levels" and "[i]ncreases in waist circumference and body mass index (BMI) have been linked to DEHP, BzBP, DBP and DEP exposure in men and DEP exposure in adolescent and adult females."[23]

24.     Another study in 2014, which "examined the temporal trends in urinary concentrations of phthalates metabolites in the general U.S. population," also indicated that such testing was important due to "the scientific community and public's concern over phthalate toxicity," including the banning of the use of certain phthalates in toys, food-containing materials,

---

[21] *Id.*

[22] Serrano SE, Braun J, Trasande L, Dills R, Sathyanarayana S (2014) Phthalates and diet: a review of food monitoring and epidemiology data. Environmental Health 13:43, https://ehjournal.biomedcentral.com/articles/10.1186/1476-069X-13-43 (last accessed April 1, 2021).

[23] *Id.*

and cosmetics in the European Union, as well as toys and other child care articles in the U.S.[24] The study noted: "Human epidemiologic studies have reported associations between exposure to DnBP, BBzP, and some other phthalates and adverse male reproductive outcomes, including reduced sperm quality, increased sperm DNA damage, and altered male genital development (Hauser et al. 2006, 2007; Meeker et al. 2009; Swan et al. 2005). Other studies have reported associations between gestational exposures to phthalates, including DEP, DnBP, BBzP, and DEHP, and outcomes suggesting impaired behavioral development (Braun et al. 2013; Engel et al. 2009; Swan et al. 2010; Whyatt et al. 2012)."[25]

25.     According to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children."[26]  The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories.  It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication."[27]

---

[24] Zota AR, Calafat AM, Woodruff TJ (2014) Temporal Trends in Phthalate Exposures: Findings from the National Health and Nutrition Examination Survey, 2001-2010 Environmental Health Perspectives 122(3):235-241, https://ehp.niehs.nih.gov/doi/10.1289/ehp.1306681 (last accessed April 1, 2021).
[25] *Id.*
[26] *See* https://www.ewg.org/release/study-shows-mounting-evidence-plasticizer-chemicals-harm-fetus (last accessed April 1, 2021).
[27] *Id.*

CLASS ACTION COMPLAINT

26.     In 2008, Congress banned several phthalates from children's toys and childcare articles.[28]   Previously, in 2005, the European Parliament endorsed a ban on certain types of phthalates used in children's toys and other childcare products.[29]

**Defendant's Material Misrepresentations and Omissions Regarding Phthalates in Its Products**

27.     Defendant chose to omit from all packaging that its Annie's Homegrown Mac & Cheese Products contain (or have a risk of containing) dangerous phthalates which have been shown to be harmful to health, including to pregnant women and children, particularly on a cumulative basis, while falsely and deceptively touting its products as healthy, wholesome and nutritious.

28.     Defendant's packaging for Annie's Homegrown Mac & Cheese Products portrays the products as wholesome, organic and healthy.  The very brand name – "Annie's Homegrown" – leads reasonable consumers to believe the product is wholesome and healthy and does not contain dangerous chemicals like phthalates because food that is "homegrown" is healthier.  All of the Annie's Homegrown Mac & Cheese Products state on their packages either that they are "made with organic pasta" or are entirely certified as "Organic," yet another representation of their wholesomeness and healthiness.  But phthalates are dangerous toxic industrial chemicals that are far from organic, wholesome or healthy.  The Annie's Homegrown mascot is a bunny and every Annie's Homegrown Mac & Cheese Product contains the "Bunny of Approval," or "Rabbit of

---

[28] *See* https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Phthalates-Information/ (last accessed April 1, 2021); *see also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed April 1, 2021).

[29] *See, e.g.*, https://www.nbcnews.com/id/wbna8473765 (last accessed April 1, 2021).

Approval," an apparent play on the "Seal of Approval," conveying that it is "approved" as to being high quality and a trusted source of healthy food.[30]  The tag line on the Annie's Homegrown Mac & Cheese Products packaging says, "Made with Goodness!"  However, instead of being wholesome, healthy, and of high quality, or "Made with Goodness!" as prominently stated on Defendant's packaging, the products contain (or risk containing) dangerous and harmful phthalates, which is nowhere disclosed on the packaging.  Each of these misrepresentations is depicted in the pictures of two varieties of Annie's Homegrown Mac & Cheese Products shown below.

---

[30] *See, e.g.,* https://www.mentalfloss.com/article/74703/annies-homegrown-facts ("Bernie the Bunny gives Annie's products his 'Rabbit of Approval' seal, indicating that the food is healthy, nutritious, and environmentally friendly.").

CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13



14

15    29.    Defendant's Annie's Homegrown website confirms the misrepresentations made to

16   consumers, including Plaintiffs and the Class, on the packaging of Annie's Homegrown Mac &

17   Cheese Products that such products are healthy, wholesome and nutritious and free from dangerous

18   chemicals.  Defendant states on the Annie's Homegrown website:  "We're on a mission to cultivate

19   a healthier, happier world by spreading goodness through nourishing foods, honest words and

20   conduct that is considerate and forever kind to the planet."[31]   Defendant further states on the

21   website:  "We believe food has the power to impact the future of the planet and everybody on it.

22   From partnering with the farmers who grow our food, to thoughtfully choosing the packaging that

23   our food is shipped in – we've always had your family and our planet in mind.  Learn why we

24

25   believe organic is better, how we make our foods, and how together, we're making a bigger

26

27   [31] https://www.annies.com/our-mission/ (last accessed April 1, 2021).

28

- 17 -

CLASS ACTION COMPLAINT

impact."[32]  Defendant's Annie's Homegrown website also states:  "Our biggest opportunity to improve our impact on people and the planet is through our products.  We look for ingredients, manufacturing partners, and packaging materials that have a positive impact on farmers, communities, animals, the environment, and you.  We strive to ensure that our products meet the high standards that we and our bunny families share."[33]

30.     Based on Defendant's decision to advertise and market its Annie's Homegrown Mac & Cheese Products on its packaging as healthy, nutritious, and safe for consumption, it had a duty to ensure that these and other statements were true and not misleading, which it failed to do. Instead, Defendant omitted any information regarding phthalates (or the risk of phthalates) in its Annie's Homegrown Mac & Cheese Products.

31.     Defendant is well aware of the importance of such information because it currently states on its Annie's Homegrown website that "[f]ood integrity and consumer trust are our top priorities at Annie's.  We are troubled by the recent report of phthalates found in dairy ingredients of macaroni and cheese and take this issue seriously."[34]  Defendant further states on the Annie's Homegrown website it is "working closely with our industry partners including the Organic Trade Association and The Organic Center to better understand this emerging issue…."[35]  These statements are an admission of the materiality of such information to reasonable consumers.  Yet, Defendant provided no such information, or any information, on the packaging regarding the fact

---

[32] *Id.*
[33] https://www.annies.com/making-our-food/ (last accessed April 1, 2021).
[34] https://www.annies.com/faq/ (last accessed April 1, 2021).
[35] *Id.*  A prior version of this FAQ that appears to have been posted on or after July 17, 2017 also stated that "[w]e are working with our trusted suppliers to understand where phthalates are coming into our supply chain and how we can evaluate and limit them." https://web.archive.org/web/20170717142024/http://www.annies.com:80/faq.

that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

32.     Defendant's Annie's Homegrown Mac & Cheese Products are available at numerous retail and online outlets.  However, as discussed above, Defendant fails to disclose on its packaging that Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant intentionally omitted disclosure on its packaging of these dangerous chemicals to induce and mislead reasonable consumers to purchase its Annie's Homegrown Mac & Cheese Products.

## III.    CLASS ACTION ALLEGATIONS

33.     Pursuant to the provisions of Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and a nationwide Class defined as:

**All persons who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in the United States for personal and/or household use, and not for resale (the "Class" or "Nationwide Class").**

34.     Plaintiff McCarthy also seeks to represent a subclass (the "Pennsylvania Subclass"), defined as follows:

**All persons who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in Pennsylvania for personal and/or household use, and not for resale.**

35.     In addition, Plaintiff Stuve also seeks to represent a subclass (the "New York Subclass"), defined as follows:

**All persons who, during the applicable statute of limitation period to the present, purchased Defendant's Annie's Homegrown Mac & Cheese Products in New York for personal and/or household use, and not for resale.**

36.     The Class excludes Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, coconspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

37.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because all elements of Fed. R. Civ. P. 23(a), (b)(2)-(3) are satisfied.  Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

38.     **Numerosity:**  All requirements of Fed. R. Civ. P. 23(a)(l) are satisfied.  The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  While Plaintiffs are informed and believe that there are thousands of members of the Class, the precise number of Class members is unknown to Plaintiffs.  Plaintiffs believe that the identity of Class members is known or knowable by Defendant or can be discerned through reasonable means.  Class members may be identified through objective means.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

39.     **Commonality and Predominance:**  All requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) are satisfied.  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

    a.     whether Defendant engaged in the deceptive and misleading business practices alleged herein;

    b.     whether the misrepresentations and/or omissions by Defendant were likely to deceive a reasonable consumer;

CLASS ACTION COMPLAINT

c.    whether Defendant knew or should have known that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

d.    whether Defendant misrepresented and continues to misrepresent that the Annie's Homegrown Mac & Cheese Products are healthy, nutritious, wholesome, and safe for consumption when such products contain (or risk containing) dangerous phthalates;

e.    whether Defendant failed to disclose that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

f.    whether Defendant was unjustly enriched by its actions;

g.    whether Defendant breached its warranties to Plaintiffs and the Class;

h.    whether Defendant violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PS § 201 *et seq.*;

i.    whether Defendant violated New York Consumer Law for Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349, and the New York Consumer Law for False Advertising, N.Y. Gen Bus. Law § 350;

j.    whether Defendant violated California False Advertising Law, California Business & Professions Code §§ 17200 (Unfair Competition Law) and 17500 (False Advertising), *et seq.*

k.    whether the misrepresented and/or omitted facts are material to a reasonable consumer;

l.    whether Plaintiffs and members of the Class were injured and suffered damages;

m.    whether Plaintiffs and members of the Class are entitled to declaratory and injunctive relief; and

CLASS ACTION COMPLAINT

n.      whether Plaintiffs and members of the Class are entitled to damages and, if so, the measure of such damages.

40.     **Typicality:**  All requirements of Fed. R. Civ. P. 23(a)(3) are satisfied.  Plaintiffs are members of the Nationwide Class and Pennsylvania or New York Subclasses, having purchased for personal/household use Annie's Homegrown Mac & Cheese Products that were manufactured by Defendant.  Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendant's conduct.

41.     **Adequacy of Representation:**  All requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.  Plaintiffs are adequate Class representatives because they are members of the Nationwide Class and Pennsylvania or New York Subclasses and their interests do not conflict with the interests of the other members of the Class that they seek to represent.  Plaintiffs are committed to pursuing this matter for the Class with the Class' collective best interests in mind.  Plaintiffs have retained counsel competent and experienced in complex class action litigation of this type and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs, and their counsel, will fairly and adequately protect the Class's interests.

42.     **Predominance and Superiority:**  All requirements of Fed. R. Civ. P. 23(b)(3) are satisfied.  As described above, common issues of law or fact predominate over individual issues.  Resolution of those common issues in Plaintiffs' individual cases will also resolve them for the Class' claims.  In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense

that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.  Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43.   **Cohesiveness:**   All requirements of Fed. R. Civ. P. 23(b)(2) are satisfied. Defendant has acted, or refused to act, on grounds generally applicable to the Class making final declaratory or injunctive relief appropriate.

## IV.   CAUSES OF ACTION

### COUNT I
**Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law
73 PS § 201 *ET SEQ.*
(On Behalf of Plaintiff McCarthy and the Pennsylvania Subclass)**

44.   Plaintiff McCarthy, individually and on behalf of the Pennsylvania Subclass, repeats and re-alleges the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

45.   Annie's Homegrown, Plaintiff McCarthy and the Pennsylvania Subclass are "[p]erson[s]" within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 PS § 201-2, *et seq.*

46.   The Pennsylvania UTPCPL declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce …."

CLASS ACTION COMPLAINT

47.     The UTPCPL at 73 P.S. § 201-2 prohibits the following conduct: "(vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another."

48.     Defendant engaged in, and continues to engage in, the above-referenced deceptive acts and unfair trade practices in the conduct of business, trade, and commerce, including by misrepresenting and omitting material facts regarding its Annie's Homegrown Mac & Cheese Products.  Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) unhealthy and dangerous phthalates.  Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these levels of phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale food with dangerous phthalates, Plaintiff McCarthy and the Pennsylvania Subclass members were not receiving healthy and/or nutritious food.

49.     Plaintiff McCarthy relied on Defendant's deceptive acts, unfair trade practices, material misrepresentations and omissions, which are described above.  Plaintiff McCarthy has suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

50.     Defendant's wrongful conduct caused Plaintiff McCarthy and the Pennsylvania Subclass to suffer an ascertainable loss by causing them to incur substantial expense in purchasing the Annie's Homegrown Mac & Cheese Products which they reasonably believed were safe and nutritious when these products contained (or risked containing) dangerous phthalates.  Plaintiff McCarthy and the Pennsylvania Subclass have suffered an ascertainable loss by receiving other than what was promised.

51.     Plaintiff McCarthy and the Pennsylvania Subclass members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.  There is no other use for Defendant's tainted products.

52.     Defendant's actions described herein constitute fraud within the meaning of the UTPCPL § 201 *et seq.* by containing (or risking containing) dangerous phthalates and failing to properly represent, both by affirmative conduct and by omission, the safety of Defendant's Homegrown Annie's Mac & Cheese Products.  Defendant's actions were likely to mislead Plaintiff McCarthy and the Pennsylvania Subclass into believing the products were safe, healthy and nutritious when they in fact contained (or risked containing) dangerous phthalates.

53.     If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risked containing) dangerous phthalates, Plaintiff McCarthy and the other Pennsylvania Subclass members would not have suffered the extent of damages caused by Defendant's sales.

54.     Defendant's violations present a continuing risk to Plaintiff McCarthy and the Pennsylvania Subclass, as well as to the general public.  Defendant's unlawful acts and practices complained of herein affect the public interest and are highly likely to deceive a substantial portion of the consuming public.

55.     As a direct and proximate result of Defendant's business practices, Plaintiff McCarthy and the Pennsylvania Subclass members suffered injury in fact and lost money or property because they purchased and paid for products they otherwise would not have.  Plaintiff McCarthy and the Pennsylvania Subclass members are entitled to injunctive relief and attorneys' fees and costs.

56.     Pursuant to Pennsylvania UTPCPL § 201-4.1, Plaintiff McCarthy and the Pennsylvania Subclass members seek an order of this Court requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff McCarthy and the Pennsylvania Subclass members full restitution of all monies wrongfully acquired by it by means of such "unlawful" and "unfair" conduct, so as to restore any and all monies to Plaintiff McCarthy and the Pennsylvania Subclass members which were acquired and obtained by such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendant.

57.     Plaintiff McCarthy and the Pennsylvania Subclass members are entitled to treble actual damages of not less than $100, plus reasonable attorneys' fees and costs.  *See* 73 P. S. § 201-9.2.

## COUNT II
### Violations of New York Consumer Law for Deceptive Acts and Practices
### N.Y. Gen. Bus. Law § 349
### (On Behalf of Plaintiff Stuve and the New York Subclass)

58.     Plaintiff Stuve, individually and on behalf of the New York Subclass, repeats and re-alleges the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

59.     New York General Business Law ("NYGBL") § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the state of New York.

60.     By reason of the conduct alleged herein, Defendant engaged in unlawful practices within the meaning of the NYGBL § 349.  The conduct alleged herein is a "business practice" within the meaning of the NYGBL § 349, and the deception occurred in part within New York State.

61.     Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant knew or should have known that its Annie's

Homegrown Mac & Cheese Products should not contain these levels of phthalates and/or at the amounts found therein, and that by manufacturing and providing for commercial sale food containing (or risking containing) dangerous phthalates, Plaintiff Stuve and the New York Subclass members were not receiving healthy and/or nutritious food.

62.     Plaintiff Stuve and the New York Subclass members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.  There is no other use for Defendant's tainted products.

63.     Defendant violated the NYGBL § 349 by the use (or risk) of dangerous phthalates and failing to properly represent, both by affirmative conduct and by omission, the nutritional value of Defendant's Annie's Homegrown Mac & Cheese Products.

64.     If Defendant had not sold Annie's Homegrown Mac & Cheese Products containing (or risking containing) dangerous phthalates, Plaintiff Stuve and the other New York Subclass members would not have suffered the extent of damages caused by Defendant's sales.

65.     Defendant's practices, acts, policies and course of conduct violate NYGBL § 349 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure of material information to Plaintiff Stuve and the New York Subclass members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendant's products contained (or risked containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiff Stuve and the New York Subclass members.

66.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly

represent and/or concealed the presence (or risk) of unacceptable dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

67.     Members of the public, including Plaintiff Stuve and the members of the New York Subclass, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

68.     Such acts and practices by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant.   Said acts and practices are material.  The sales of Defendant's Annie's Mac & Cheese Products in New York through such means occurring in New York were consumer-oriented acts and thereby fall under the New York consumer protection statute, NYGBL § 349.

69.     As a direct and proximate cause of Defendant's conduct, Plaintiff Stuve and the New York Subclass members suffered damages as alleged above.  Plaintiff Stuve also seeks injunctive relief as described herein.

70.     In addition to or in lieu of actual damages, because of the injury, Plaintiff Stuve and the New York Subclass members seek statutory damages for each injury and violation which has occurred.

### COUNT III
**Violations of New York Consumer Law for False Advertising**
**N.Y. Gen. Bus. Law § 350**
**(On Behalf of Plaintiff Stuve and the New York Subclass)**

71.     Plaintiff Stuve, individually and on behalf of the New York Subclass, repeats and re-alleges the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

72.     NYGBL § 350 prohibits false advertising in the conduct of any business, trade, or commerce, or in the furnishing of any service in the state of New York.

73.     By reason of the conduct alleged herein, Defendant engaged in unlawful practices within the meaning of the NYGBL § 350.  The conduct alleged herein is a "business practice" within the meaning of the NYGBL § 350, and the false advertising occurred in part within New York State.

74.     Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale Annie's Homegrown Mac & Cheese Products that contain (or risk containing) dangerous phthalates, Plaintiff Stuve and the New York Subclass members were not receiving healthy and/or nutritious food.

75.     Plaintiff Stuve and the New York Subclass members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.  There is no other use for Defendant's tainted products.

76.     Defendant violated the NYGBL § 350 by failing to properly represent, both by affirmative conduct and by omission, the nutritional value and safety of Defendant's Annie's Homegrown Mac & Cheese Products.

77.     If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff Stuve and the other New York Subclass members would not have suffered the extent of damages caused by Defendant's sales.

78.     Defendant's practices, acts, policies and course of conduct violate NYGBL § 350 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure of material information to Plaintiff Stuve and the New York Subclass members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that

Defendant's products contained (or risk containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiff Stuve and the New York Subclass members.

79.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

80.     Members of the public, including Plaintiff Stuve and the members of the New York Subclass, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

81.     Such acts by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant.    Said acts and practices are material.  The sales of Defendant's Annie's Homegrown Mac & Cheese Products in New York through such means occurring in New York were consumer-oriented acts and thereby fall under the New York consumer protection statute, NYGBL § 350.

82.     As a direct and proximate cause of Defendant's conduct, Plaintiff Stuve and New York Subclass members suffered damages as alleged above and also seek injunctive relief as described herein.

83.     In addition to or in lieu of actual damages, because of the injury, Plaintiff Stuve and the New York Subclass members seek statutory damages for each injury and violation which has occurred.

CLASS ACTION COMPLAINT

**COUNT IV**
**Violations of California False Advertising Law, California Business & Professions Code §§ 17500, *et seq.***
**(On Behalf of Plaintiffs and the Nationwide Class)**

84.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

85.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. & Prof. Code §17500.

86.     Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.  Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale Annie's Homegrown Mac & Cheese Products that contain (or risk containing) dangerous phthalates, Plaintiffs and the Class members were not receiving healthy and/or nutritious food.

87.     Plaintiffs and the Class members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.  There is no other use for Defendant's tainted products.

88.     Defendant violated § 17500 by failing to properly represent, both by affirmative conduct and by omission, the nutritional value and safety of Defendant's Annie's Homegrown Mac & Cheese Products.

89.     If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiffs and the Class members would not have suffered the extent of damages caused by Defendant's sales.

90.     Defendant's practices, acts, policies and course of conduct violate § 17500 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure

of material information to Plaintiffs and the Class members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendant's products contained (or risk containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiffs and the Class members.

91.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

92.     Members of the public, including Plaintiffs and the members of the Class, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

93.     Such acts by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant.   Said acts and practices are material.   The sales of Defendant's Annie's Homegrown Mac & Cheese Products were consumer-oriented acts and thereby fall under the California consumer protection statute, Cal. Bus. & Prof. Code § 17500.

94.     As a direct and proximate cause of Defendant's conduct, Plaintiffs and Class members suffered damages as alleged above and also seek injunctive relief as described herein.

95.     Defendant knew, or reasonably should have known, that all these claims were untrue or misleading.

96.     Defendant's conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiffs' desire to purchase these products in the future if they can be assured that, so long as the Annie's Homegrown Mac & Cheese Products are as

advertised: healthy, nutritious, and safe for consumption, and do not contain phthalates or other undesirable toxins or contaminants.

97.     Plaintiffs and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Annie's Homegrown Mac & Cheese Products.

**COUNT V**
**Violations of the Unfair Competition Law, California Business & Professions**
**Code §§ 17200, *et seq.***
**(On Behalf of Plaintiffs and the Nationwide Class)**

98.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

99.     The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

100.    Defendant's conduct was unfair and/or fraudulent.  Defendant's Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates. Defendant knew or should have known that its Annie's Homegrown Mac & Cheese Products should not contain these phthalates and/or at the amounts found therein and that by manufacturing and providing for commercial sale Annie's Homegrown Mac & Cheese Products that contain (or risk containing) dangerous phthalates, Plaintiffs and the Class members were not receiving healthy and/or nutritious food.

101.    As alleged herein, Defendant has advertised the Annie's Homegrown Mac & Cheese Products with false or misleading claims, such that Defendant's actions as alleged herein violate at least the False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

102.    Plaintiffs and the Class members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates.  There is no other use for Defendant's tainted products.

103.    If Defendant had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiffs and the Class members would not have suffered the extent of damages caused by Defendant's sales.

104.    Defendant's practices, acts, policies and course of conduct violate § 17200 in that, among other things, Defendant actively and knowingly misrepresented or omitted disclosure of material information to Plaintiffs and the Class members at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendant's products contained (or risk containing) dangerous phthalates; and Defendant failed to disclose and give timely warnings or notices regarding the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products that were purchased by Plaintiffs and the Class members.

105.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendant has, by the use of false statements and/or material omissions, failed to properly represent and/or concealed the presence (or risk) of dangerous phthalates in its Annie's Homegrown Mac & Cheese Products.

106.    Members of the public, including Plaintiffs and the members of the Class, were deceived by and relied upon Defendant's affirmative misrepresentations and failures to disclose.

107.    Such acts by Defendant are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendant.  Said acts and practices are material.  The sales of Defendant's Annie's Homegrown Mac & Cheese Products were

consumer-oriented acts and thereby fall under the California consumer protection statute, §
17200.

108.     As a direct and proximate cause of Defendant's conduct, Plaintiffs and Class
members suffered damages as alleged above and also seek injunctive relief as described herein.

109.     Defendant knew, or reasonably should have known, that all these claims were
untrue or misleading.

110.     Defendant's conduct is ongoing and continuing, such that prospective injunctive
relief is necessary, especially given Plaintiffs' desire to purchase these products in the future if
they can be assured that, so long as the Annie's Homegrown Mac & Cheese Products are as
advertised: healthy, nutritious, and safe for consumption, and do not contain phthalates or other
undesirable toxins or contaminants.

111.     Plaintiffs and members of the Class are entitled to injunctive and equitable relief,
and restitution in the amount they spent on the Annie's Homegrown Mac & Cheese Products.

### COUNT VI
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Nationwide Class)

112.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege the
allegations contained in paragraphs 1 through 43 as though fully set forth herein.

113.     Plaintiffs and Class members conferred a monetary benefit on Defendant.
Specifically, they purchased Annie's Homegrown Mac & Cheese Products from Defendant and
provided Defendant with their monetary payment.  In exchange, Plaintiffs and Class members
should have received from Defendant goods that were healthy and nutritious and did not contain
(or risk containing) dangerous phthalates.

114.     Defendant knew that Plaintiffs and Class members conferred a benefit on them and accepted or retained that benefit.  Defendant profited from Plaintiffs' purchases and used Plaintiffs and Class members' monetary payments for business purposes.

115.     Defendant failed to disclose to Plaintiffs and Class members that its Annie's Homegrown Mac & Cheese Products were unhealthy and contained (or risk containing) dangerous phthalates and did not provide product that Plaintiffs and Class members were promised.

116.     If Plaintiffs and Class members knew that Defendant's Annie's Homegrown Mac & Cheese Products were (or risked being) unhealthy and toxic as alleged herein, they would not have purchased Defendant's Annie's Homegrown Mac & Cheese Products.

117.     Plaintiffs and Class members have no adequate remedy at law.

118.     Under the circumstances, it would be unjust for Defendant to be permitted to retain any of the benefits that Plaintiffs and Class members conferred on them.

119.     Defendant should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class members, proceeds that they unjustly received from them.  In the alternative, Defendant should be compelled to refund the amounts that Plaintiffs and Class members overpaid.

**<u>COUNT VII</u>**
**Breach of Express Warranty**
**(On Behalf of Plaintiffs and the Nationwide Class)**

120.     Plaintiffs, individually and on behalf of the Class, repeat and re-allege the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

121.    As set forth herein, Defendant made express representations to Plaintiffs and the Class on the packaging that the Annie's Homegrown Mac & Cheese Products are healthy, wholesome, nutritious and safe for consumption.

122.    These promises, and all others on the labeling and packaging of the Annie's Homegrown Mac & Cheese Products became part of the basis of the bargain between the parties and thus constituted express warranties.

123.    There was a sale of goods from Defendant to Plaintiffs and the members of the Class.

124.    On the basis of these express warranties, Defendant sold the Annie's Homegrown Mac & Cheese Products to Plaintiffs and the Class.

125.    Defendant knowingly breached the express warranties by including phthalates in the Annie's Homegrown Mac & Cheese Products sold to Plaintiffs and the Class.

126.    By letter dated March 4, 2021, Plaintiff McCarthy put Defendant on notice of its breach of warranty.  By letter dated March 10, 2021, Plaintiff Stuve put Defendant on notice of its breach of warranty.

127.    Plaintiffs and the Class reasonably relied on the express warranties by Defendant.

128.    As a result of Defendant's breaches of its express warranties, Plaintiffs and the Class sustained damages as they paid money for the Annie's Homegrown Mac & Cheese Products that were not what Defendant represented.

129.    Plaintiffs, on behalf of themselves and the Class, seek actual damages for Defendant's breach of express warranty.

**COUNT VIIII**
**Breach of Implied Warranty**
**(On Behalf of Plaintiffs and the Nationwide Class)**

130.    Plaintiffs, individually and on behalf of the Class, repeat and re-allege the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

131.    Defendant is a merchant engaging in the sale of goods to Plaintiffs and the Class.

132.    There was a sale of goods from Defendant to Plaintiffs and the Class.

133.    At all times mentioned herein, Defendant manufactured and distributed the Annie's Homegrown Mac & Cheese Products, and prior to the time the such products were purchased by Plaintiffs and the Class, Defendant impliedly warranted to them that the Annie's Homegrown Mac & Cheese Products were of merchantable quality, fit for their ordinary use, and conformed to the promises and affirmations of fact made on the packaging and labels, including that the food was healthy, wholesome, nutritious and safe for consumption.

134.    Plaintiffs and the Class relied on Defendant's promises and affirmations of fact when they purchased the Annie's Homegrown Mac & Cheese Products.

135.    The Annie's Homegrown Mac & Cheese Products were not fit for their ordinary use, consumption by people, and did not conform to Defendant's affirmations of fact and promises as they contained (or risk containing) dangerous phthalates in material amounts to a reasonable consumer.

136.    Defendant breached its implied warranties by selling the Annie's Homegrown Mac & Cheese Products that failed to conform to the promises or affirmations of fact made on the container or label as each product contained (or risked containing) dangerous phthalates.

137.    By letter dated March 4, 2021, Plaintiff McCarthy put Defendant on notice of its breach of implied warranty.  By letter dated March 10, 2021, Plaintiff Stuve put Defendant on notice of its breach of implied warranty.

138.    Privity exists because Defendant expressly warranted to Plaintiffs and the Class that the Annie's Homegrown Mac & Cheese Products were healthy, wholesome, nutritious and safe for consumption, which was untrue as described hereinabove.  Defendant knew that consumers such as Plaintiffs and the Proposed Class would be the end purchasers of the Annie's Homegrown Mac & Cheese Products and the target of their marketing.  Defendant intended its marketing to be considered by the end purchasers of the Annie's Homegrown Mac & Cheese Products, including Plaintiffs and the Class.  Defendant directly marketed to Plaintiffs and the proposed Class through statements on websites, labeling and packaging.

139.    As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages in that they have purchased Annie's Homegrown Mac & Cheese Products worth less than the price they paid and that they would not have purchased at all had they known of the presence (or risk) of dangerous phthalates.

140.    Plaintiffs and the Class seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting breach.

## V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully request that the Court:

a) Certify the Nationwide Class, including the Pennsylvania and New York Subclasses, and appoint Plaintiffs and their counsel to represent the Nationwide Class and Pennsylvania and New York Subclasses;

b) Find that Defendant engaged in the unlawful conduct as alleged herein;

c) Enjoin Defendant from engaging in such conduct and order any further injunctive relief as appropriate;

d) Enter a monetary judgment in favor of Plaintiffs and the Class, including the Pennsylvania and New York Subclasses, to compensate them for the injuries suffered, together with pre-judgment and post-judgment interest, punitive damages, and penalties where appropriate;

e) Require Defendant to rectify all damages caused by its misconduct;

f) Award Plaintiffs and the Class, including the Pennsylvania and New York Subclasses, reasonable attorneys' fees and costs of suit, as allowed by law; and

g) Award such other and further relief as this Court may deem just and proper.

## **<u>JURY TRIAL DEMANDED</u>**

Plaintiffs hereby demand a trial by jury.

1   Dated:  April 2, 2021                    Respectfully submitted,

2                                            */s/ Michael Liskow*
                                             Michael Liskow, Esq. (Bar No. 243899)
3                                            **CALCATERRA POLLACK LLP**
                                             Janine Pollack, Esq.
4                                            1140 Avenue of the Americas, 9th Floor
                                             New York, New York 10036
5                                            Phone: (212) 899-1760
                                             Fax: (332) 206-2073
6                                            Email: mliskow@calcaterrapollack.com
                                             Email: jpollack@calcaterrapollack.com
7

8                                            *Counsel for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT