**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Phone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

**CALCATERRA POLLACK LLP**
Michael Liskow (State Bar No. 243899)
Janine L. Pollack
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (212) 899-1760
Facsimile: (332) 206-2073
Email:  mliskow@calcaterrapollack.com
Email:  jpollack@calcaterrapollack.com

*Attorneys for Plaintiffs*
*(Additional Counsel listed on signature page)*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ANNIE'S MAC & CHEESE LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | ) Lead Case No. 3:21-cv-02415-EMC<br>)<br>) (Consolidated with No. 4:21-cv-02418 and 3:21-cv-02462)<br>)<br>) Hon. Edward M. Chen<br>)<br>) **CONSOLIDATED CLASS ACTION COMPLAINT**<br>)<br>)<br>) **DEMAND FOR JURY TRIAL** |

Plaintiffs Kathryn McCarthy, Gabrielle Stuve, Jessica Nicodemo, Christina Angelos and Michelle deVera ("Plaintiffs"), by and through their counsel, on their own behalf and on behalf of all others similarly situated, bring this Consolidated Class Action Complaint against Defendant Annie's Homegrown, Inc. ("Annie's Homegrown" or "Annie's") and Defendant General Mills, Inc. ("General Mills") (collectively Annie's and General Mills are referred to as "Defendants") and allege the following facts in support of their claims against Defendants based upon personal knowledge, where applicable, information and belief, and the investigation of counsel:

## I.      INTRODUCTION

1.      The ubiquitous boxed macaroni and cheese has long been a staple meal in many U.S. households for children and adults alike.  Defendants have profited from this with massive sales of their popular Annie's Homegrown brand of non-vegan boxed macaroni and cheese products (the "Annie's Homegrown Mac & Cheese Products" or the "Products").[1]  But Defendants have improperly and misleadingly packaged and marketed their Products to reasonable consumers, like Plaintiffs, by omitting from the Products' packaging that they contain (or are at a risk of containing) "ortho-phthalates," also known as "phthalates."  Phthalates are harmful chemicals, and their consumption carries a real risk of adverse health impacts.

2.      There is scientific evidence linking phthalates exposure with harmful health outcomes and dairy has been found to be a major source of exposure.  For most people, food is generally the greatest source of exposure to phthalates, and fattier and more processed foods tend to have the highest phthalate levels.  The cumulative effect of phthalates is concerning, particularly because studies show that one in five American adults eats 81 percent of their calories from ultra-processed foods, including foods such as powdered macaroni and cheese products.

3.      Phthalates are classified as endocrine-disrupting chemicals and have been linked to adverse health effects.  For example, studies have found that in adult populations there is an

---

[1] According to one public source, the entire Annie's Homegrown brand had a total of $400 million in sales in 2017 and the Annie's Homegrown Mac & Cheese Product was its "flagship product."  *See* https://www.eater.com/2019/9/5/20847652/annies-mac-and-cheese-ingredients-kraft (last accessed July 26, 2021).

- 1 -

association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality.  There is also evidence linking endometriosis in women with high phthalate metabolite levels and increases in waist circumference and body mass index ("BMI") have been linked to phthalate exposure in men and adolescent and adult females.  Associations between children's exposure to phthalates and the risk of asthma, allergies and bronchial obstruction have also been scientifically identified.  Annie's Homegrown Mac & Cheese Products are regularly consumed by America's children.

4.      Scientific findings have also shown that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys.  In fact, according to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children."  The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories.  It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication."  In fact, in 2008, Congress banned several phthalates from children's toys and childcare articles.

5.      Reasonable consumers, like Plaintiffs, trust manufacturers like Defendants to sell food that is free from harmful toxins, contaminants, and chemicals.  Reasonable consumers, like Plaintiffs, certainly expect the food they eat and feed their family to be free from phthalates, substances known to have health consequences.  If such substances are contained in, or risk being contained in, the food sold by a manufacturer, reasonable consumers expect that this will be disclosed on the products' packaging so that they can have full and fair information to decide for themselves whether they want to consume the product and the amounts they want to consume of the product.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

6.     Consumers lack the scientific knowledge necessary to determine whether the Products do in fact contain (or have a risk of containing) phthalates, or to ascertain the true nature of the quality of the Products.  Reasonable consumers therefore must and do rely on Defendants to be transparent and properly disclose on the packaging all material information regarding the Products and their safety.  However, public reports and articles, including in the recesses of the annies.com website, reveal that the Annie's Homegrown Mac & Cheese Products contain (or are at risk of containing) phthalates and that Defendants have been well aware of this fact since at least 2017, if not earlier.

7.     Despite this, the consumer-facing message on the Products' packaging that Defendants chose failed to make any reference to phthalates.  Indeed, nowhere on the Products' packaging or labeling is there any disclosure of the inclusion (or possible inclusion) of phthalates. In fact, the overall marketing message by Defendants is that Annie's Homegrown Mac & Cheese Products are wholesome and healthy.  The Products are even organic.  Thus, reasonable consumers would not think that Defendants are omitting the fact that they contain (or risk containing) dangerous chemicals like phthalates from the packaging.

8.     Phthalates are toxic industrial chemicals and Defendants know that their customers consider the presence of phthalates in the Products to be important information they would want to know.  In the "Frequently Asked Questions" section of the annies.com website, the very first question, under the heading "Recent Questions," states, "Does Annie's mac and cheese contain phthalates?"[2]  In the response, the website states that Annie's Homegrown's "mac and cheese products have been tested" and admits that there were phthalates (or the risk of phthalates) in the Products.[3]  Acknowledging that the presence or risk of phthalates is an issue regarding food safety that customers would consider important, the website states, "Food integrity and consumer trust are our top priorities at Annie's.  We are troubled by the recent report of phthalates found in dairy

---

[2] https://www.annies.com/faq (last accessed July 26, 2021).
[3] *Id.*

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

ingredients of macaroni and cheese and take this issue seriously."[4]  The website also acknowledges in the response that phthalates are found in many food and other consumer products, making them a "widespread and complex issue," and states "[w]e continue to work with our trusted suppliers to eliminate ortho-phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[5]  The statements regarding the presence or risk of phthalates in the Annie's Homegrown Mac & Cheese Products and their safety on the annies.com website in the Frequently Asked Questions section show that Defendants knew this information is material to a reasonable consumer.  Yet Defendants chose to omit any information about the presence (or risk) of phthalates in the Annie's Homegrown Mac & Cheese Products on the Products' packaging.

9.      Recent survey data further confirms that consumers of boxed macaroni and cheese consider it important if there are phthalates (or the risk of phthalates) in the products even in small amounts.  Plaintiffs' counsel conducted a survey of 400 adult consumers who bought boxed macaroni and cheese within the past six months.  The vast majority (approximately 89.5%) answered that the presence or risk of even a small amount of phthalates in the boxed macaroni and cheese would be either important or very important to their purchasing decisions.

10.      Plaintiffs bring this class action against Defendants under various state consumer statutes in California, Florida, New York, Illinois and Pennsylvania, as well as for breach of implied warranty and unjust enrichment, due to Defendants' failure to disclose the presence (or risk) of dangerous phthalates in the Annie's Homegrown Mac & Cheese Products, including those that Plaintiffs purchased.  Plaintiffs seek injunctive, declaratory and monetary relief, and all other relief as authorized in equity or by law, on behalf of the proposed Class including (i) requiring full disclosure of all such substances in Defendants' marketing, advertising, and labeling; (ii) requiring testing for such substances; and (iii) restoring monies to Plaintiffs and the members of the proposed Class.

---

[4] *Id.*
[5] *Id.*

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

1

**PARTIES**

2

*Plaintiffs*

3      11.     Plaintiff Kathryn McCarthy is a citizen and resident of the State of Pennsylvania,

4   residing in Oakmont, Pennsylvania.  During the applicable statute of limitations period, Plaintiff

5   McCarthy purchased in Pennsylvania Annie's Homegrown Mac & Cheese Products that were

6   manufactured and produced by Defendants that contained (or were at risk of containing)

7   undisclosed dangerous phthalates, including Shells and Real Aged Cheddar Mac & Cheese,

8   Classic Cheddar Mac & Cheese (also called Macaroni & Classic Cheddar), and Spirals with Butter

9   and Parmesan.  She paid up to the regular retail price for the Products.  Plaintiff McCarthy was

10  unaware that the Products contained (or risked containing) phthalates and would not have

11  purchased the Products if that were fully disclosed or she would have paid less than she did.  As a

12  result of Defendants' deceptive conduct as alleged herein, Plaintiff McCarthy was injured when

13  she paid the purchase price and/or a price premium for the Products.  Plaintiff McCarthy paid the

14  above sum in reliance that the labeling of the Products was accurate and that there were no material

15  omissions.  Plaintiff McCarthy would purchase the Products again if Defendants (i) eliminated the

16  phthalates; and/or (ii) undertook corrective changes to the packaging.  Damages can be calculated

17  through expert testimony at trial.

18      12.     Plaintiff Gabrielle Stuve is a citizen and resident of the State of New York, residing

19  in Hauppauge, New York.  During the applicable statute of limitations period, Plaintiff Stuve

20  purchased in New York Annie's Homegrown Mac & Cheese Products that were manufactured and

21  produced by Defendants that contained (or were at risk of containing) undisclosed dangerous

22  phthalates, including Organic Classic Cheddar Mac & Cheese.  She paid up to the regular retail

23  price for the Products.  Plaintiff Stuve was unaware that the Products contained (or risked

24  containing) phthalates and would not have purchased the Products if that were fully disclosed or

25  she would have paid less than she did.  As a result of Defendants' deceptive conduct as alleged

26  herein, Plaintiff Stuve was injured when she paid the purchase price and/or a price premium for

27  the Products.  Plaintiff Stuve paid the above sum in reliance that the labeling of the Products was

28

- 5 -

accurate and that there were no material omissions.  Plaintiff Stuve would purchase the Products again if Defendants (i) eliminated the phthalates; and/or (ii) undertook corrective changes to the packaging.  Damages can be calculated through expert testimony at trial.

13.     Plaintiff Jessica Nicodemo is a citizen and resident of the State of Florida, residing in Branford, Florida.  During the applicable statute of limitations period, Plaintiff Nicodemo purchased in Florida Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendants that contained (or were at risk of containing) undisclosed dangerous phthalates, including Shells & Real Aged Cheddar Mac & Cheese and Shells & White Cheddar Mac & Cheese.  She paid up to the regular retail price for the Products.  Plaintiff Nicodemo was unaware that the Products contained (or risked containing) phthalates and would not have purchased the Products if that were fully disclosed or she would have paid less than she did.  As a result of Defendants' deceptive conduct as alleged herein, Plaintiff Nicodemo was injured when she paid the purchase price and/or a price premium for the Products.  Plaintiff Nicodemo paid the above sum in reliance that the labeling of the Products was accurate and that there were no material omissions.  Plaintiff Nicodemo would purchase the Products again if Defendants (i) eliminated the phthalates; and/or (ii) undertook corrective changes to the packaging.  Damages can be calculated through expert testimony at trial.

14.     Plaintiff Christina Angelos is a citizen and resident of the State of Illinois, residing in Long Grove, Illinois.  During the applicable statute of limitations period, Plaintiff Angelos purchased in Illinois Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendants that contained (or were at risk of containing) undisclosed dangerous phthalates, including Shells & Real Aged Cheddar Mac & Cheese, Penne & Four Cheese Mac & Cheese and Organic Farm Friends & Cheddar Mac & Cheese.  She paid up to the regular retail price for the Products.  Plaintiff Angelos was unaware that the Products contained (or risked containing) phthalates and would not have purchased the Products if that were fully disclosed or she would have paid less than she did.  As a result of Defendants' deceptive conduct as alleged herein, Plaintiff Angelos was injured when she paid the purchase price and/or a price premium for

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

the Products.  Plaintiff Angelos paid the above sum in reliance that the labeling of the Products was accurate and that there were no material omissions.  Plaintiff Angelos would purchase the Products again if Defendants (i) eliminated the phthalates; and/or (ii) undertook corrective changes to the packaging.  Damages can be calculated through expert testimony at trial.

15.     Plaintiff Michelle deVera is a citizen and resident of the State of California, residing in Freemont, California.  During the applicable statute of limitations period, Plaintiff deVera purchased in California Annie's Homegrown Mac & Cheese Products that were manufactured and produced by Defendants that contained (or were at risk of containing) undisclosed dangerous phthalates, including Shells & White Cheddar Mac & Cheese.  She paid up to the regular retail price for the Products.  Plaintiff deVera was unaware that the Products contained (or risked containing) phthalates and would not have purchased the Products if that were fully disclosed or she would have paid less than she did.  As a result of Defendants' deceptive conduct as alleged herein, Plaintiff deVera was injured when she paid the purchase price and/or a price premium for the Products.  Plaintiff deVera paid the above sum in reliance that the labeling of the Products was accurate and that there were no material omissions.  Plaintiff deVera would purchase the Products again if Defendants (i) eliminated the phthalates; and/or (ii) undertook corrective changes to the packaging.  Damages can be calculated through expert testimony at trial.

*Defendants*

16.     Defendant General Mills is a Delaware corporation with its principal place of business located in Minneapolis, Minnesota.

17.     Defendant Annie's Homegrown is a wholly-owned subsidiary of Defendant General Mills.  Annie's Homegrown's principal place of business is located at 1610 Fifth Street, Berkeley, California 94710, and its Customer Relations Department is located there.  Defendant is a citizen of the State of California.

18.     Defendants package, label, market, advertise, formulate, manufacture, distribute, and sell Annie's Homegrown Mac & Cheese Products throughout the United States, including California, Florida, New York, Illinois and Pennsylvania.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

19.     Public reports indicate that Annie's Homegrown is the second largest brand of macaroni and cheese products in the United States after The Kraft Heinz Company.[6]

20.     The website for Annie's Homegrown Mac & Cheese Products is https://www.annies.com/.

21.     There are currently 24 non-vegan varieties of Annie's Homegrown Mac & Cheese Products on the Annie's Homegrown website.[7]   While the varieties may change from time to time, they all contain the processed powdered cheese product.

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2), because at least one Class Member is of diverse state citizenship from Defendants, there are more than 100 Class Members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

23.     The Northern District of California has personal jurisdiction over Defendants as they conduct substantial business in this District and Annie's Homegrown has its principal place of business, including its Customer Relations Department, located in the District.

24.     Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant Annie's Homegrown has its principal place of business, including its Customer Relations

---

[6] *See* https://www.mentalfloss.com/article/74703/annies-homegrown-facts (last accessed July 26, 2021) ("only Kraft sells more of the cheesy comfort food").

[7] Those are as follows:  Shells & White Cheddar Mac & Cheese; Organic Shells & White Cheddar Mac & Cheese; Classic Cheddar Mac & Cheese; Organic Classic Cheddar Mac & Cheese; Shells & Real Aged Cheddar Mac & Cheese; Organic Shells & Real Aged Cheddar Mac & Cheese; Planet Pals & Cheddar; Quinoa Rice Pasta & White Cheddar; Reduced Sodium Mac & Cheese; Organic Peace Pasta & Parmesan Mac & Cheese; Spirals with Butter & Parmesan; Organic Alfredo Shells & Cheddar Mac & Cheese; Penne & Four Cheese Mac & Cheese; Bunny Pasta with Yummy Cheese Mac & Cheese; Organic Grass Fed Classic Cheddar Mac & Cheese; Organic Macaroni & Cheese Classic Cheddar Cheese with 12g Protein; Gluten Free Rice Pasta & Cheddar Mac; Rice Pasta Shells & White Cheddar; Red Lentil Spirals & White Cheddar; Organic Shells & White Cheddar Mac & Cheese with Whole Grains; Organic Farm Friends & Cheddar Mac & Cheese; Organic Grass Fed Shells & White Cheddar Mac & Cheese; Organic Grass Fed Shells & Real Aged Cheddar Mac & Cheese; and Organic Pollinator Pals & Classic Cheddar.   *See* https://www.annies.com/products/classic-mac-and-cheese/ (last accessed July 26, 2021).

- 8 -

Department, located in the District, and because a substantial part of the events giving rise to the conduct alleged in this Complaint occurred in, were directed to, and emanated from this District.

## II.    FACTUAL ALLEGATIONS

### Phthalates Are Toxic Chemicals

25.    Phthalates are toxins that enter food during processing and packaging, the inclusion (or risk) of which is avoidable by the food manufacturer based on its chosen manufacturing methods.  The cheese powder in boxed macaroni and cheese products is particularly problematic because it is a processed food substance, and the phthalates escape from food contact materials such as processing equipment and food packaging materials into the cheese powder.

26.    In 2017, the Coalition for Safer Food Processing and Packaging (the "Coalition"), a group of nonprofit consumer health and food safety advocacy organizations, published a study (the "Study") that tested, among other cheese products, cheese powder in ten varieties of macaroni and cheese.[8]  The Study concluded that phthalates were found in all 10 of the varieties and that on average the phthalate levels in the ten macaroni and cheese powders tested were **more than four times higher** than in the 15 natural cheeses tested, which were block cheese, string cheese, cottage cheese, and shredded cheese.[9]  The Study also concluded that "DEHP, the most widely restricted phthalate, was found more often and at a much higher average concentration than any other phthalate, among all the cheese products tested."[10]

27.    Although the Study did not publicly identify the brands for which the cheese powder was tested, given the results of the Study, the Coalition wrote a public letter dated June

---

[8] *See* http://kleanupkraft.org/data-summary.pdf (last accessed July 26, 2021).

[9] *See* http://kleanupkraft.org/PhthalatesLabReport.pdf (last accessed July 26, 2021).

[10] http://kleanupkraft.org/data-summary.pdf (last accessed July 13, 2021).  *See also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, available at https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed July 26, 2021), at 90 (CPSC states that regarding DEHP, which is not allowed in children's toys and child care products at levels greater than 0.1%, "[a] complete dataset suggests that exposure to DEHP in utero can induce adverse developmental changes to the male reproductive tract.  Exposure to DEHP can also adversely affect many other organs such as the liver and thyroid.").

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

14, 2017 to the Chief Executive Officer of Kraft, asking it, as the leading U.S. seller of macaroni and cheese products, to "eliminate toxic industrial chemicals known as *ortho*-phthalates from your food products."[11]   The letter stated that pregnant women and young children are the "most vulnerable groups" and that food is "often the number one source of phthalates exposure."[12]   Fatty foods, including dairy products, appear to be "the greatest contributor of dietary exposure to phthalates," according to the letter.[13]   The Coalition explained and cited the scientific findings to date showing that pre-natal exposure to phthalates is highly dangerous to the fetus and leads to multiple harms once the children are born, including neurodevelopmental problems such as ADHD, anti-social behavior, learning and memory problems, and genital birth defects in boys.[14] Moreover, the letter stated that cumulative exposure to phthalates is of particular concern.[15]   The letter noted that "safer alternatives are already commercially available for many uses of phthalates."[16]

28.     In a public statement dated July 20, 2017, following the Coalition's letter to Kraft's CEO, the Coalition further noted: "This serious public health risk stems from daily exposure to phthalates from *all* sources combined.  This is what's known as an unacceptable 'cumulative risk.'  Kraft asserts that the amount of phthalates in the products we tested is many times 'lower than levels that scientific authorities have identified as acceptable.'  What Kraft didn't say is that the only acceptable levels that exist apply to the *total* daily intake of phthalates from *all* sources combined, not from any single product.  With phthalates found in some dairy products, baked goods, oils, infant formula, fast food, consumer products, house dust – together, these daily

---

[11] http://kleanupkraft.org/kraft-phthalates-6-14-17.pdf (last accessed July 26, 2021).
[12] *Id.*
[13] *Id.*
[14] *See id.*
[15] *See id.*
[16] *Id.*

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

exposures add up to too much."[17]  The letter further noted that the ten macaroni and cheese powders that were tested "had the highest levels of phthalates of the product items we tested."[18]

29.     In the Frequently Asked Questions portion of the annies.com website, under the heading "Recent Questions," in response to the question "Does Annie's mac and cheese contain phthalates?," it acknowledged the Study, stating, "We are troubled by the recent report of phthalates found in dairy ingredients of macaroni and cheese and take this issue seriously," noting that "[f]ood integrity and consumer trust are our top priorities at Annie's."[19]  Defendants further noted that its Products "have been tested" and do contain (or risk containing) phthalates.[20]  The website also acknowledges in the response that phthalates are found in many food and other consumer products, making them a "widespread and complex issue," and states, "We continue to work with our trusted suppliers to eliminate ortho-phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."   Yet, despite their knowledge since at least 2017 that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) phthalates, and that phthalates should be "eliminate[d]" from the Products, Defendants never disclosed anything about phthalates on the Products' packaging.

30.     As acknowledged on the annies.com website, the Food and Drug Administration ("FDA") has not set a standard for acceptable levels of phthalates in food products.[21]

31.     Researchers have also shown that, unlike other chemicals, phthalates appear to have more serious effects at lower levels than at higher levels.  Although it is typically assumed that the higher the dose or exposure, the greater the harm, endocrine disruptors are different.[22]

---

[17] https://www.kleanupkraft.org/CoalitionStatement7-20.pdf (last accessed July 26, 2021).
[18] *Id.*
[19] https://www.annies.com/faq/ (last accessed July 26, 2021).
[20] *Id.*
[21] *See id.*
[22] *See* https://www.center4research.org/phthalates-childrens-products/ (last accessed July 26, 2021).

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

32.     A key problem posed by phthalates is that hormones can increase the risk of some cancers, regardless of whether those hormones are natural or synthetic.  Too much or too little of a hormone can be harmful.  For example, research shows that animals exposed to phthalates are more likely to develop liver cancer, kidney cancer, and male reproductive organ damage.  Studies also show associations between children's exposure to phthalates and the risk of asthma, allergies and bronchial obstruction.[23]

33.     Researchers at Mount Sinai also found a link between obesity and phthalates.  They found that among overweight girls ages 6 to 8, the higher the concentration of certain phthalates in their urine, the higher their BMI.  A study among Danish children ages 4 to 9 found that the higher the concentration of phthalates, the shorter the child.[24]

34.     The cumulative effect of phthalates is particularly concerning, especially since studies show that one in five American adults eats 81 percent of their calories from ultra-processed foods, including Annie's Homegrown powdered macaroni and cheese products.[25]  In a public letter dated March 11, 2020, which included signatories from disability organizations from 22 states, the chair of Harvard's Department of Environmental Health, and public health experts from several additional universities, the signatories noted that the "National Academy of Sciences estimates that environmental factors, including toxic chemicals, cause or contribute to at least a quarter of learning and developmental disabilities in American children," and that a manufacturer of macaroni and cheese should be "ensuring its supply chain is free of phthalates."[26]  The letter further stated that "[s]cientific studies show that daily cumulative exposure to phthalates poses an unacceptable health risk to pregnant women and young children.  Elevated phthalate exposure has been found to interfere with the reproductive functions of both men and women and impede brain

---

[23] *See id.*
[24] *See id.*
[25] *See, e.g.*, https://www.ewg.org/news-and-analysis/2019/09/kraft-heinz-rejects-effort-get-phthalates-out-mac-and-cheese (citing https://pubmed.ncbi.nlm.nih.gov/30820487/) (last accessed July 26, 2021).
[26] https://www.toxicfreefood.org/wp-content/uploads/LDA-Sign-On-Letter-to-Kraft-Heinz-3.11.20.pdf (last accessed July 26, 2021).

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

development in children.  For most people, the food we eat is the greatest exposure pathway to phthalates.  Foods that are fattier and more processed tend to have the highest phthalate levels."[27]

35.     Additional studies indicate and/or discuss the harmful and dangerous effects of phthalates.  For example, a study in 2014 sought to identify the primary foods associated with increased exposure to phthalates.  The study stated, "Given the increasing scientific evidence base linking phthalate exposure with harmful health outcomes, it is important to understand major sources of exposure."[28]  Dairy was found to be one of those sources.  According to the study, phthalates "are classified as endocrine-disrupting chemicals and have been linked to adverse health effects particularly in relation to early life exposure."  The study further noted that in "adult populations, various epidemiological studies support an association between phthalate exposure and markers of testicular function in men, particularly decreased semen quality."  It also noted "evidence linking endometriosis in women with high phthalate metabolite levels" and that "[i]ncreases in waist circumference and [BMI] have been linked to DEHP, BzBP, DBP and DEP exposure in men and DEP exposure in adolescent and adult females."[29]

36.     Another study in 2014, which "examined the temporal trends in urinary concentrations of phthalates metabolites in the general U.S. population," also indicated that such testing was important due to "the scientific community and public's concern over phthalate toxicity," including the banning of the use of certain phthalates in toys, food-containing materials, and cosmetics in the European Union, as well as toys and other child care articles in the U.S.[30]  The study noted:  "Human epidemiologic studies have reported associations between exposure to

---

[27] *Id.*

[28] Serrano SE, Braun J, Trasande L, Dills R, Sathyanarayana S (2014), Phthalates and diet: a review of food monitoring and epidemiology data.  Environmental Health 13:43, available at https://ehjournal.biomedcentral.com/articles/10.1186/1476-069X-13-43 (last accessed July 26, 2021).

[29] *Id.*

[30] Zota AR, Calafat AM, Woodruff TJ (2014) Temporal Trends in Phthalate Exposures: Findings from the National Health and Nutrition Examination Survey, 2001-2010 Environmental Health Perspectives 122(3):235-241, https://ehp.niehs.nih.gov/doi/10.1289/ehp.1306681 (last accessed July 26, 2021).

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

DnBP, BBzP, and some other phthalates and adverse male reproductive outcomes, including reduced sperm quality, increased sperm DNA damage, and altered male genital development (Hauser et al. 2006, 2007; Meeker et al. 2009; Swan et al. 2005). Other studies have reported associations between gestational exposures to phthalates, including DEP, DnBP, BBzP, and DEHP, and outcomes suggesting impaired behavioral development (Braun et al. 2013; Engel et al. 2009; Swan et al. 2010; Whyatt et al. 2012)."[31]

37. According to a press release dated February 19, 2021, announcing a recent peer-reviewed study published in the American Journal of Public Health, "[p]renatal exposure to the widely used plasticizer chemicals called phthalates can lead to learning, attention and behavioral disorders in children."[32] The press release noted that the "study reviewed data from the past decade measuring prenatal exposure to phthalates or environmental estimates of exposures from 11 countries or territories. It found consistent associations between phthalates and behaviors typically linked to ADHD and impaired cognitive development, including lower IQ, reduced psychomotor development and impaired social communication."[33]

38. According to public reports, "[r]esearchers have found that even low levels of exposure to certain phthalates can lead to hormonal disruption and reproductive harm, as well as lasting damage in children's brain development."[34] Researchers found that children in intensive care units who were exposed to the phthalates through plastic tubing and catheters had 18 times as much of the chemicals in their blood compared to children who had not spent time in the ICU. Four years later, the children who had been exposed to the phthalates had more problems with attention and motor coordination. The researchers found that the phthalates caused these problems

---

[31] *Id.*

[32] *See* https://www.ewg.org/release/study-shows-mounting-evidence-plasticizer-chemicals-harm-fetus (last accessed July 26, 2021).

[33] *Id.*

[34] https://www.nrdc.org/experts/nrdc/court-retains-ban-toxic-phthalate-chemicals-childrens-products-and-toys (last accessed July 26, 2021); https://www.center4research.org/phthalates-childrens-products/ (last accessed July 26, 2021).

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

1  regardless of medical complications or treatments.[35]

2  39.   Columbia University researchers discovered that three-year-olds with high prenatal

3  exposure to two types of phthalates were more likely to have motor delays.  They also reported

4  that three phthalates were linked to certain behavior problems in three-year-olds.  One phthalate

5  in the study was linked to lower mental development in girls.[36]

6  40.   In 2008, Congress banned several phthalates from children's toys and childcare

7  articles.[37]  Previously, in 2005, the European Parliament endorsed a ban on certain types of

8  phthalates used in children's toys and other childcare products.[38]  Fourteen other countries,

9  including Japan, Argentina, and Mexico, had also banned phthalates from children's toys prior to

10  the U.S.[39]

11  **Defendants' Omissions and Knowledge Regarding Phthalates**

12  41.   Defendants chose to omit from all packaging that Annie's Homegrown Mac &

13  Cheese Products contain (or risk containing) dangerous phthalates which have been shown to be

14  harmful to health, including to pregnant women and children, particularly on a cumulative basis,

15  despite being fully aware of the issues since at least 2017 if not earlier, as described above.

16  42.   Defendants know that customers purchasing Annie's Homegrown Mac & Cheese

17  Products consider the question of phthalates in regard to food to be important information they

18  would want to know.  In the "Frequently Asked Questions" section of the annies.com website, the

19

20

---

[35] *See* https://www.center4research.org/phthalates-childrens-products/ (last accessed July 26, 2021).

[36] *See id.*

[37] *See* https://www.cpsc.gov/Business--Manufacturing/Business-Education/Business-Guidance/Phthalates-Information/ (last accessed July 26, 2021); *see also* Report to the U.S. Consumer Product Safety Commission by the Chronic Hazard Advisory Panel on Phthalates and Phthalate Alternatives, July 2014, U.S. Consumer Product Safety Commission, Directorate for Health Sciences, available at https://www.cpsc.gov/s3fs-public/CHAP-REPORT-With-Appendices.pdf (last accessed July 26, 2021).

[38] *See, e.g.*, https://www.nbcnews.com/id/wbna8473765 (last accessed July 26, 2021).

[39] *See* https://www.center4research.org/phthalates-childrens-products/ (last accessed July 26, 2021).

- 15 -

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

very first question states, "Does Annie's mac and cheese contain phthalates?"[40]   The inclusion of this question in the "Frequently Asked Questions" section demonstrates that it is a topic of importance to Defendants' consumers.   Acknowledging that the presence (or risk) of phthalates in the Products implicates consumers' safety, the website further states, "[W]e are also reviewing available scientific research on the issue to ensure we are informed about the most current evidence related to phthalates and food.   Phthalates are chemicals that are widely used to make plastics more pliable and can be found in anything from farm equipment to conveyor belts and packaging ink.   Their presence in the supply chain is a widespread and complex issue that affects products well beyond the food industry…. We continue to work with our trusted suppliers to eliminate ortho-phthalates that may be present in the packaging materials and food processing equipment that produces the cheese and cheese powder in our macaroni and cheese."[41]   The statements regarding phthalates in the Products and their safety on the annies.com website in the Frequently Asked Questions section are thus an admission by Defendants that it is information a reasonable consumer would consider important.   Yet no information about the presence (or risk) of phthalates in the Annie's Homegrown Mac & Cheese Products is disclosed anywhere on the packaging.

43.   Moreover, as noted above, as acknowledged by Defendants, phthalates are introduced into the Products during the manufacturing process; yet Defendants fail to inform consumers on the Products' labels that this manufacturing process that they have chosen to employ results in the presence (or risk) of phthalates in the Products.   This omission prevents consumers from obtaining full and complete information regarding the total amount of phthalates they are ingesting or otherwise being exposed to in a single day and over the course of time, and thus inhibits their decision-making as to their cumulative level of phthalates.   As the website states, the "presence of phthalates in the supply chain is a widespread [] issue."[42]   This underscores the reason why the presence (or risk) of phthalates in any one given product is a critical piece of information

---

[40] https://www.annies.com/faq/ (last accessed July 26, 2021).

[41] *Id.*

[42] *Id.*

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

for consumers — so they can assess the total amounts from all sources and make rational and fully informed decisions about the total amounts of phthalates they want to consume (or have their children consume) or be exposed to at any given time.  As noted above, one of the significant concerns regarding phthalates is its cumulative effect from all sources over time.

44.    The inclusion on the annies.com website of the foregoing information about phthalates in the Products in the Frequently Asked Questions section demonstrates that Defendants' customers consider it to be important (and that Defendants are aware of this).  Recent survey data further confirms that consumers of boxed macaroni and cheese consider it important if there are phthalates (or the risk of phthalates) in these products even in small amounts.  Plaintiffs' counsel conducted a survey of 400 adult consumers who bought boxed macaroni and cheese within the past six months.  The vast majority (approximately 89.5%) answered that the presence or risk of even a small amount of phthalates in the boxed macaroni and cheese would be either important or very important to their purchasing decisions.

45.    Annie's Homegrown Mac & Cheese Products are available at numerous retail and online outlets.  However, as discussed above, Defendants fail to disclose on the packaging that Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates. Defendants intentionally omitted disclosure from the Products' packaging of these dangerous chemicals to induce and mislead reasonable consumers to purchase the Products.

### III.    CLASS ACTION ALLEGATIONS

46.    Pursuant to the provisions of Rules 23(a), 23(b)(2), 23(b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, Plaintiffs bring this class action on behalf of themselves and their respective classes as defined below.

47.    Plaintiff deVera seeks to represent a class (the "California Class"), defined as follows:

> **All persons who, during the applicable statute of limitations period to the present, purchased Annie's Homegrown Mac & Cheese Products in California for personal and/or household use, and not for resale.**

48.     Plaintiff Nicodemo seeks to represent a class (the "Florida Class"), defined as follows:

> **All persons who, during the applicable statute of limitations period to the present, purchased Annie's Homegrown Mac & Cheese Products in Florida for personal and/or household use, and not for resale.**

49.     Plaintiff Stuve seeks to represent a class (the "New York Cass"), defined as follows:

> **All persons who, during the applicable statute of limitations period to the present, purchased Annie's Homegrown Mac & Cheese Products in New York for personal and/or household use, and not for resale.**

50.     Plaintiff Angelos seeks to represent a Class (the "Illinois Class"), defined as follows:

> **All persons who, during the applicable statute of limitations period to the present, purchased Annie's Homegrown Mac & Cheese Products in Illinois for personal and/or household use, and not for resale.**

51.     Plaintiff McCarthy seeks to represent a Class (the "Pennsylvania Class"), defined as follows:

> **All persons who, during the applicable statute of limitations period to the present, purchased Annie's Homegrown Mac & Cheese Products in Pennsylvania for personal and/or household use, and not for resale.**

52.     The California, Florida, New York, Illinois and Pennsylvania Classes are collectively referred to as the "Classes"; however, the "Classes" means separately each Class.

53.     The Classes exclude Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, coconspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

54.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because all elements of Fed. R. Civ. P. 23(a), (b)(2)-(3), as well as 23(c)(4), are satisfied.  Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

55. **Numerosity:** All requirements of Fed. R. Civ. P. 23(a)(l) are satisfied. The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiffs are informed and believe that there are thousands of members of the Classes, the precise number of Class members is unknown to Plaintiffs. Plaintiffs believe that the identity of Class members is known or knowable by Defendants or can be discerned through reasonable means. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

56. **Commonality and Predominance:** All requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) are satisfied. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

a. whether Defendants engaged in the deceptive and misleading business practices alleged herein;

b. whether the omissions by Defendants were likely to deceive a reasonable consumer;

c. whether Defendants knew or should have known that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

d. whether Defendants failed to disclose that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates;

e. whether Defendants were unjustly enriched by their actions;

f. whether Defendants breached warranties to Plaintiffs and the Classes;

g. whether the omitted facts are material to a reasonable consumer;

h. whether Plaintiffs and members of the Classes were injured and suffered damages;

i. whether Plaintiffs and members of the Classes are entitled to declaratory and injunctive relief; and

j. whether Plaintiffs and members of the Classes are entitled to damages and, if so, the measure of such damages.

- 19 -

57.     **Typicality:**  All requirements of Fed. R. Civ. P. 23(a)(3) are satisfied.  Plaintiffs are members of the Classes, having purchased for personal/household use Annie's Homegrown Mac & Cheese Products that were manufactured by Defendants.  Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendants' conduct.

58.     **Adequacy of Representation:**  All requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.  Plaintiffs are adequate Class representatives because they are members of the Classes and their interests do not conflict with the interests of the other members of the Classes that they seek to represent.  Plaintiffs are committed to pursuing this matter for the Classes with the Class' collective best interests in mind.  Plaintiffs have retained counsel competent and experienced in complex class action litigation of this type and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs, and their counsel, will fairly and adequately protect the Class' interests.

59.     **Predominance and Superiority:**  All requirements of Fed. R. Civ. P. 23(b)(3) are satisfied.  As described above, common issues of law or fact predominate over individual issues.  Resolution of those common issues in Plaintiffs' individual cases will also resolve them for the Class' claims.  In addition, a class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Classes to individually seek redress for Defendants' wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

60. **Cohesiveness:** All requirements of Fed. R. Civ. P. 23(b)(2) are satisfied. Defendants have acted, or refused to act, on grounds generally applicable to the Classes making final declaratory or injunctive relief appropriate.

## IV.    CAUSES OF ACTION

### <u>COUNT I</u>
### UNJUST ENRICHMENT/QUASI-CONTRACT
### (ON BEHALF OF PLAINTIFFS AND EACH OF THEIR RESPECTIVE CLASSES)

61. Plaintiffs, individually and on behalf of each of the respective Classes, repeat and re-allege the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

62. Plaintiffs and Class members conferred a monetary benefit on Defendants. Specifically, they purchased Annie's Homegrown Mac & Cheese Products from Defendants and provided Defendants with their monetary payment. However, in exchange, Plaintiffs and Class members received from Defendants goods that contained (or risked containing) dangerous phthalates without disclosure of same.

63. Defendants knew that Plaintiffs and Class members conferred a benefit on them and accepted or retained that benefit. Defendants profited from Plaintiffs' purchases and used Plaintiffs and Class members' monetary payments for business purposes.

64. Defendants failed to disclose to Plaintiffs and Class members that their Annie's Homegrown Mac & Cheese Products contained (or risk containing) dangerous phthalates.

65. If Plaintiffs and Class members knew that Defendants' Annie's Homegrown Mac & Cheese Products contained (or risked containing) dangerous phthalates as alleged herein, they would not have purchased Defendants' Annie's Homegrown Mac & Cheese Products or would have paid less for them than they did.

66. Plaintiffs and Class members have no adequate remedy at law.

67. Under the circumstances, it would be unjust for Defendants to be permitted to retain any of the benefits that Plaintiffs and Class members conferred on them.

- 21 -

68.     Defendants should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class members, proceeds that they unjustly received from them.  In the alternative, Defendants should be compelled to refund the amounts that Plaintiffs and Class members overpaid.  These amounts are to be determined at trial.

## COUNT II
## BREACH OF IMPLIED WARRANTY
## (ON BEHALF OF PLAINTIFFS AND EACH OF THEIR RESPECTIVE CLASSES)

69.     Plaintiffs, individually and on behalf of each of their respective Classes, repeat and re-allege the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

70.     Defendants are merchants engaging in the sale of goods to Plaintiffs and the Classes.

71.     There was a sale of goods from Defendants to Plaintiffs and the Classes.

72.     At all times mentioned herein, Defendants manufactured and distributed the Annie's Homegrown Mac & Cheese Products, and prior to the time such products were purchased by Plaintiffs and the Classes, Defendants impliedly warranted to them that the Annie's Homegrown Mac & Cheese Products were of merchantable quality and fit for their ordinary use.

73.     Plaintiffs and the Classes relied on these implied warranties by Defendants when they purchased the Annie's Homegrown Mac & Cheese Products.

74.     The Annie's Homegrown Mac & Cheese Products were not of merchantable quality and were not fit for their ordinary use as they contained (or risk containing) dangerous phthalates and Defendants thus breached their implied warranties to Plaintiffs and the Classes.

75.     By letter dated April 30, 2021, Plaintiff deVera put Defendants on notice of their breach of implied warranty.  By letter dated March 11, 2021, Plaintiff Nicodemo put Defendants on notice of their breach of warranty.  By letter dated March 10, 2021, Plaintiff Stuve put Defendants on notice of their breach of implied warranty.  By letter dated April 30, 2021, Plaintiff

- 22 -

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

Angelos put Defendants on notice of their breach of warranty.  By letter dated March 4, 2021, Plaintiff McCarthy put Defendants on notice of their breach of implied warranty.

76.     Privity exists because Defendants knew that consumers such as Plaintiffs and the Classes would be the end purchasers of the Annie's Homegrown Mac & Cheese Products and the target of their marketing.  Defendants intended their marketing to be considered by the end purchasers of the Annie's Homegrown Mac & Cheese Products, including Plaintiffs and the Classes.  Defendants directly marketed to Plaintiffs and the Classes through the labeling and packaging of the Products.

77.     As a direct and proximate result of Defendants' conduct, Plaintiffs and the Classes have suffered actual damages in that they have purchased Annie's Homegrown Mac & Cheese Products worth less than the price they paid, and that they would not have purchased at all had they known of the presence (or risk) of dangerous phthalates, or would have paid less for the Products than they did.

78.     Plaintiffs and the Classes seek monetary damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendants' failure to deliver goods conforming to Defendants' implied warranties and resulting breach.  These amounts are to be determined at trial.

## COUNT III

**VIOLATIONS OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***

**(ON BEHALF OF PLAINTIFF DEVERA AND THE CALIFORNIA CLASS)**

79.     Plaintiff deVera, individually and on behalf of the California Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

80.     The Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…."  Cal. Bus. & Prof. Code §17200.

81.     Plaintiff deVera and the California Class are consumers.

- 23 -

82.    Defendants' unlawful, unfair and/or fraudulent business acts or practices took place in the course of trade and commerce.

83.    Defendants' conduct was unlawful in that they failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contained (or risked containing) dangerous phthalates and, in addition, Defendants violated the Consumers Legal Remedies Act as set forth in further detail below in Count V.

84.    Defendants' conduct was also unfair and/or fraudulent.  Defendants' material omissions constitute unfair competition or unfair, unconscionable, deceptive and/or fraudulent business acts or practices because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates, which was likely to deceive the public as described in this Complaint and did, in fact, deceive the public, Plaintiff deVera and the California Class.  This also constituted unfair, deceptive, untrue or misleading advertising.

85.    Defendants' conduct is unfair and offends established public policy.  Further, Defendants engaged in immoral, unethical, oppressive and unscrupulous activities that are substantially injurious to consumers.

86.    There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein.

87.    Plaintiff deVera and the California Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

88.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff deVera and the California Class would not have suffered the extent of damages caused by Defendants' sales.

89.    Defendants' practices, acts, policies and course of conduct violate § 17200 in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff deVera and the California Class at the time they purchased the

Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

90.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

91.     Members of the public, including Plaintiff deVera and the California Class, were deceived by Defendants' failures to disclose.

92.     Defendants had a duty to disclose these materials facts because, *inter alia*, they had exclusive knowledge of material facts not known to Plaintiff deVera or the California Class and they actively concealed material facts from Plaintiff deVera and the California Class.

93.     Defendants intended for Plaintiff de Vera and the California Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

94.     Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.  The sales of Defendants' Annie's Homegrown Mac & Cheese Products were consumer-oriented acts and thereby fall under the California consumer protection statute, § 17200.

95.     As a direct and proximate cause of Defendants' conduct, Plaintiff deVera and the California Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

96.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff deVera's desire to purchase these Products in the future if she and the California Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

97.     Plaintiff deVera and the California Class are entitled to injunctive and equitable relief, and restitution in an amount to be determined at trial.

## COUNT IV

**VIOLATIONS OF THE FALSE ADVERTISING LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ.***

**(ON BEHALF OF PLAINTIFF DEVERA AND THE CALIFORNIA CLASS)**

98.     Plaintiff deVera, individually and on behalf of the California Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

99.     California's False Advertising Law prohibits any statement or omission in connection with the sale of goods "which is untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

100.     Plaintiff deVera and the California Class are consumers, and their purchases of the Annie's Homegrown Mac & Cheese products constituted the sale of goods by Defendants.

101.     Defendants' actions that were untrue or misleading took place in the course of trade and commerce.

102.     Defendants' material omissions were untrue or misleading because Defendants failed to disclose on the Products' packaging that the Annie's Mac & Cheese Products contain (or risk containing) dangerous phthalates.

103.     Plaintiff deVera and the California Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

104.     If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff deVera and the California Class would not have suffered the extent of damages caused by Defendants' sales.

105.     Defendants violated § 17500 in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff deVera and

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

the California Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

106. The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

107. Members of the public, including Plaintiff deVera and the California Class, were deceived by Defendants' failures to disclose.

108. Defendants had a duty to disclose these materials facts because, *inter alia*, they had exclusive knowledge of material facts not known to Plaintiff deVera or the California Class and they actively concealed material facts from Plaintiff deVera and the California Class.

109. Defendants intended for Plaintiff deVera and the California Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

110. Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

111. As a direct and proximate cause of Defendants' conduct, Plaintiff deVera and the California Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

112. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff deVera's desire to purchase these Products in the future if she and the California Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

113. Plaintiff deVera and the California Class are entitled to injunctive and equitable relief, and restitution in an amount to be determined at trial.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

## COUNT V
### VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *ET SEQ.*
### (ON BEHALF OF PLAINTIFF DEVERA AND THE CALIFORNIA CLASS)

114.   Plaintiff deVera, individually and on behalf of the California Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

115.   Plaintiff deVera and the California Class are "consumers" within the meaning of Cal. Civ. Code §§ 1761(d) and 1770, and each has engaged in a "transaction" within the meaning of Cal. Civ. Code §§ 1761(e) and 1770.

116.   Defendants are "person[s]" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770 and provided "goods" within the meaning of Cal. Civ. Code §§ 1761(a) and 1770.

117.   Defendants' acts and practices, as alleged in this Complaint, violate California's Consumers Legal Remedies Act ("CLRA"), at least Cal. Civ. Code § 1770(a)(7), because Defendants engaged in unfair methods of competition and unfair and deceptive acts and practices in connection with transactions, namely, failing to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates. This conduct was intended to, and did, result in the sale of these goods to consumers, including Plaintiff deVera and the California Class.  For example, Defendants, through their omissions, represented that the Products were of a particular standard, quality, or grade when they were of another.  See Cal. Civ. Code § 1770(a)(7).

118.   Defendants were in a position to know, and did in fact know, that their Products contained (or risked containing) dangerous phthalates and that they do not disclose same on the Products' packaging.  Plaintiff deVera and the California Class had a reasonable belief that if dangerous chemicals like phthalates were contained in, or risked being contained in, the Products, this would be disclosed on the Products' packaging so that they could have full and fair information to decide for themselves whether they want to consume the Products and the amounts they want to consume of the Products.

119.    Defendants' material omissions were untrue, deceptive and/or misleading because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

120.    Plaintiff deVera and the California Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

121.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff deVera and the California Class would not have suffered the extent of damages caused by Defendants' sales.

122.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

123.    Members of the public, including Plaintiff deVera and the California Class, were deceived by Defendants' failures to disclose.

124.    Defendants had a duty to disclose these materials facts because, *inter alia*, they had exclusive knowledge of material facts not known to Plaintiff deVera or the California Class and they actively concealed material facts from Plaintiff deVera and the California Class.

125.    Defendants intended for Plaintiff deVera and the California Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

126.    Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

127.    As a direct and proximate cause of Defendants' conduct, Plaintiff deVera and the California Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

128.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff deVera's desire to purchase these Products in the future if she and the California Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

129.     Pursuant to Cal. Civil Code § 1782(a), Plaintiff deVera sent Defendants a letter on behalf of herself and the California Class on April 30, 2021, demanding that Defendants rectify the problems listed herein.  Defendants have failed to rectify or agree to rectify the problems or give notice to all affected consumers within the proscribed 30-day time period for written notice pursuant to Cal. Civil Code § 1782.

130.     Due to Defendants failing to rectify or otherwise agreeing to rectify the problems associated with the action detailed above, Plaintiff deVera seeks to further recover actual or statutory compensatory/monetary damages as authorized by Cal. Civil Code § 1782(a)(1), restitution as applicable and authorized under Cal. Civil Code § 1782(a)(3), and punitive damages as authorized by Cal. Civil Code § 1782(a)(4), which are appropriate in this case in light of Defendants' knowing, intentional, fraudulent and unconscionable conduct, as well as Defendants' reckless disregard of its legal obligations to Plaintiff deVera and the California Class, and as otherwise recoverable under Cal. Civil Code § 1782(a)(4).  These amounts are to be determined at trial.

**COUNT VI**
**VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLORIDA STAT. § 501.201 ET SEQ.**
**(ON BEHALF OF PLAINTIFF NICODEMO AND THE FLORIDA CLASS)**

131.     Plaintiff Nicodemo, individually and on behalf of the Florida Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

132.     Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Florida Stat. § 501.204(1). Defendants

- 30 -

participated in unfair, unconscionable and deceptive trade practices that violated FDUTPA as described herein.

133.    Plaintiff Nicodemo, individually, and the Florida Class are "consumers" within the meaning of Florida Stat. § 501.203(7).

134.    Defendants engaged in "trade or commerce" within the meaning of Florida Stat. § 501.203(8).

135.    Defendants' conduct was unfair, unconscionable and/or deceptive because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

136.    Plaintiff Nicodemo and the Florida Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

137.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff Nicodemo and the Florida Class would not have suffered the extent of damages caused by Defendants' sales.

138.    Defendants' practices, acts, policies and course of conduct violate FDUTPA in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff Nicodemo and the Florida Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

139.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

140.    Members of the public, including Plaintiff Nicodemo and the Florida Class, were deceived by Defendants' failures to disclose.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

141.     Defendants intended for Plaintiff Nicodemo and the Florida Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

142.     Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

143.     As a direct and proximate cause of Defendants' conduct, Plaintiff Nicodemo and the Florida Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

144.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff Nicodemo's desire to purchase these Products in the future if she and the Florida Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

145.     Plaintiff Nicodemo and the Florida Class are entitled to injunctive and equitable relief, and actual damages or restitution in an amount to be determined at trial.

## COUNT VII
### VIOLATIONS OF THE NEW YORK CONSUMER LAW FOR DECEPTIVE ACTS AND PRACTICES, N.Y. GEN. BUS. LAW §349
### (ON BEHALF OF PLAINTIFF STUVE AND THE NEW YORK CLASS)

146.     Plaintiff Stuve, individually and on behalf of the New York Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

147.     New York General Business Law ("NYGBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in the state of New York.

148.     By reason of the conduct alleged herein, Defendants engaged in unlawful practices within the meaning of the NYGBL § 349(a).  The conduct alleged herein was deceptive

within the meaning of the NYGBL § 349, and the deception occurred in part within New York State.

149.    Plaintiff Stuve and the New York Class are consumers.

150.    Defendants' deceptive acts or practices took place in the course of "business, trade or commerce."

151.    Defendants' conduct was deceptive because they failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

152.    Plaintiff Stuve and the New York Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

153.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff Stuve and the New York Class would not have suffered the extent of damages caused by Defendants' sales.

154.    Defendants' practices, acts, policies and course of conduct violate NYGBL § 349 in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff Stuve and the New York Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

155.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

156.    Members of the public, including Plaintiff Stuve and the New York Class, were deceived by Defendants' failures to disclose.

157.    Defendants intended for Plaintiff Stuve and the New York Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

158.    Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

159.    As a direct and proximate cause of Defendants' conduct, Plaintiff Stuve and the New York Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

160.    Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff Stuve's desire to purchase these Products in the future if she and the New York Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

161.    Plaintiff Stuve and the New York Class are entitled to injunctive and equitable relief, and damages/restitution in an amount to be determined at trial.

162.    In addition to or in lieu of actual damages, Plaintiff Stuve and the New York Class seek statutory damages under NYGBL § 349(h) for each injury and violation which has occurred.

### COUNT VIII
**VIOLATIONS OF THE NEW YORK CONSUMER LAW FOR FALSE ADVERTISING, N.Y. GEN. BUS. LAW §350**
**(ON BEHALF OF PLAINTIFF STUVE AND THE NEW YORK CLASS)**

163.    Plaintiff Stuve, individually and on behalf of the New York Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

164.    NYGBL § 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in the state of New York.

165.    By reason of the conduct alleged herein, Defendants engaged in unlawful practices within the meaning of the NYGBL § 350. The false advertising occurred in part within New York State.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

166.     Plaintiff Stuve and the New York Class are consumers and their purchases of the Annie's Homegrown Mac & Cheese products constituted the sale of goods by Defendants.

167.     Defendants' actions that constituted false advertising took place in the course of "business, trade or commerce."

168.     Defendants' material omissions in their advertising were untrue or misleading because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

169.     Plaintiff Stuve and the New York Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

170.     If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff Stuve and the New York Class would not have suffered the extent of damages caused by Defendants' sales.

171.     Defendants violated NYGBL § 350 in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff Stuve and the New York Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

172.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

173.     Members of the public, including Plaintiff Stuve and the New York Class, were deceived by Defendants' failures to disclose.

174.     Defendants intended for Plaintiff Stuve and the New York Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

- 35 -

175.    Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

176.    As a direct and proximate cause of Defendants' conduct, Plaintiff Stuve and the New York Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

177.    Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff Stuve's desire to purchase these Products in the future if she and the New York Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

178.    Plaintiff Stuve and the New York Class are entitled to injunctive and equitable relief, and damages/restitution in an amount to be determined at trial.

179.    In addition to or in lieu of actual damages, Plaintiff Stuve and the New York Class seek statutory damages under NYGBL § 350-e.3 for each injury and violation which has occurred.

**COUNT IX**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE**
**BUSINESS PRACTICES ACT, 815 ILCS 505/1, ET SEQ.**
**(ON BEHALF OF PLAINTIFF ANGELOS AND THE ILLINOIS CLASS)**

180.    Plaintiff Angelos, individually and on behalf of the Illinois Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

181.    The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq., prohibits any deceptive, unlawful, unfair, or fraudulent acts or practices including using deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act." 815 ILCS 505/2.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

182.    The ICFA applies to Defendants' acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

183.    Defendants are each "a person," as defined by 815 ILCS 505/1(c).

184.    Plaintiff Angelos and each member of the Illinois Class are "consumer[s]," as defined by 815 ILCS 505/1(e), because they purchased Annie's Homegrown Mac & Cheese Products.

185.    Defendants' deceptive, unlawful, unfair and/or fraudulent acts or practices took place in the course of trade and commerce.

186.    Defendants' conduct was deceptive, unlawful, unfair and/or fraudulent because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

187.    Plaintiff Angelos and the Illinois Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

188.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff Angelos and the Illinois Class would not have suffered the extent of damages caused by Defendants' sales.

189.    Defendants' practices, acts, policies and course of conduct violate the ICFA in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff Angelos and the Illinois Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

190.    The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

191.    Members of the public, including Plaintiff Angelos and the Illinois Class, were deceived by Defendants' failures to disclose.

- 37 -

192.     Defendants intended for Plaintiff Angelos and the Illinois Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

193.     Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

194.     As a direct and proximate cause of Defendants' conduct, Plaintiff Angelos and the Illinois Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

195.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff Angelos' desire to purchase these Products in the future if she and the Illinois Class can be assured that Annie's Homegrown Mac & Cheese Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

196.     Plaintiff Angelos and the Illinois Class are entitled to injunctive and equitable relief, and damages/restitution in an amount to be determined at trial.

## COUNT X
### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 PS § 201 ET SEQ.
### (ON BEHALF OF PLAINTIFF MCCARTHY AND THE PENNSYLVANIA CLASS)

197.     Plaintiff McCarthy, individually and on behalf of the Pennsylvania Class, repeats and re-alleges the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

198.     Plaintiff McCarthy and the Pennsylvania Class are "[p]erson[s]" within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 PS § 201-2, et seq.

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

199.    The UTPCPL declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce …."

200.    Defendants violated the UTPCPL by violating at least sections (vii) and (xxi) of 73 P.S. § 201-2(4). For example, Defendants:

A. Through their omissions, represented that the Products were of a particular standard, quality, or grade when they were of another (§ 201-2(4)(vii)); and

B.  Through their omissions, engaged in other fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding (§ 201-2(4)(xxi)).

201.    Defendants' deceptive, unlawful, unfair and/or fraudulent acts or practices took place in the course of trade and commerce.

202.    Defendants' conduct was deceptive, unlawful, unfair and/or fraudulent because Defendants failed to disclose on the Products' packaging that the Annie's Homegrown Mac & Cheese Products contain (or risk containing) dangerous phthalates.

203.    Plaintiff McCarthy and the Pennsylvania Class would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or they would have paid less than they did for the Products.

204.    If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risk containing) dangerous phthalates, Plaintiff McCarthy and the Pennsylvania Class would not have suffered the extent of damages caused by Defendants' sales.

205.    Defendants' practices, acts, policies and course of conduct violate the UTPCPL in that, among other things, Defendants knew or should have known that they omitted disclosure of material information to Plaintiff McCarthy and the Pennsylvania Class at the time they purchased the Annie's Homegrown Mac & Cheese Products, including the fact that Defendants' products contained (or risk containing) dangerous phthalates.

206.     The aforementioned conduct constitutes an unconscionable commercial practice in that Defendants have, by the use of material omissions, concealed the presence (or risk) of dangerous phthalates in their Annie's Homegrown Mac & Cheese Products.

207.     Members of the public, including Plaintiff McCarthy and the Pennsylvania Class, were deceived by Defendants' failures to disclose.

208.     Defendants had a duty to disclose these materials facts because, *inter alia*, they had exclusive knowledge of material facts not known to Plaintiff McCarthy or the Pennsylvania Class and they actively concealed material facts from Plaintiff McCarthy and the Pennsylvania Class.

209.     Defendants intended for Plaintiff McCarthy and the Pennsylvania Class to rely on these deceptive and unfair practices when purchasing the Annie's Homegrown Mac & Cheese Products and they did so rely.

210.     Such acts by Defendants are and were likely to mislead a reasonable consumer purchasing Annie's Homegrown Mac & Cheese Products from Defendants. Said acts and practices are material as described hereinabove.

211.     As a direct and proximate cause of Defendants' conduct, Plaintiff McCarthy and the Pennsylvania Class suffered damages as alleged above and also seek declaratory and injunctive relief as described herein.

212.     Defendants' wrongful conduct caused Plaintiff McCarthy and the Pennsylvania Class to suffer an ascertainable loss by causing them to incur substantial expense in purchasing the Annie's Homegrown Mac & Cheese Products when it was not disclosed on the packaging that these products contained (or risked containing) dangerous phthalates.

213.     Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff McCarthy's desire to purchase these Products in the future if she and the Pennsylvania Class can be assured that Annie's Homegrown Mac & Cheese

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

Products do not contain (or risk containing) phthalates and/or if Defendants undertook corrective changes to the packaging.

214.   Plaintiff McCarthy and the Pennsylvania Class are entitled to injunctive and equitable relief, and damages/restitution in an amount to be determined at trial.

215.   Plaintiff McCarthy and the Pennsylvania Class members would not have purchased the Annie's Homegrown Mac & Cheese Products at issue had they known the truth about the presence (or risk) of dangerous phthalates or would have paid less than they did.

216.   If Defendants had not sold Annie's Homegrown Mac & Cheese Products that contained (or risked containing) dangerous phthalates, Plaintiff McCarthy and the other Pennsylvania Class members would not have suffered the extent of damages caused by Defendants' sales.

217.   Defendants' violations present a continuing risk to Plaintiff McCarthy and the Pennsylvania Class, as well as to the general public.  Defendants' unlawful acts and practices complained of herein affect the public interest and are highly likely to deceive a substantial portion of the consuming public.

218.   As a direct and proximate result of Defendants' business practices, Plaintiff McCarthy and the Pennsylvania Class members suffered injury in fact and lost money or property because they purchased and paid for products they otherwise would not have.

219.   Pursuant to Pennsylvania UTPCPL § 201-4.1, Plaintiff McCarthy and the Pennsylvania Class members seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff McCarthy and the Pennsylvania Class members full restitution of all monies wrongfully acquired by it by means of such "unlawful" and "unfair" conduct, so as to restore any and all monies to Plaintiff McCarthy and the Pennsylvania Class members which were acquired and obtained by such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendants.

220.    Plaintiff McCarthy and the Pennsylvania Class are entitled to up to treble actual damages of not less than $100.  *See* 73 P. S. **§** 201-9.2.  Such damages are to be determined at trial.

## V.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of their respective Classes, respectfully request that the Court:

a)    Certify the Classes, and appoint each Plaintiff and her counsel to represent each respective Class;

b)    Find that Defendants engaged in the unlawful conduct as alleged herein;

c)    Enjoin Defendants from engaging in such conduct and order any further declaratory and/or injunctive relief as appropriate;

d)    Enter a monetary judgment in favor of Plaintiffs and each Class to compensate them for the injuries suffered, together with pre-judgment and post-judgment interest, statutory and punitive damages, and penalties where appropriate;

e)    Require Defendants to rectify all damages caused by their misconduct;

f)    Award Plaintiffs and the Classes reasonable attorneys' fees and costs of suit, as allowed by law; and

g)    Award such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated:  July 27, 2021                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _____*/s/ L. Timothy Fisher*_____

L. Timothy Fisher (State Bar No. 191626)

- 42 -

CONSOLIDATED CLASS ACTION COMPLAINT
Lead Case No. 3:21-cv-02415-EMC

1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Phone: (925) 300-4455
Fax: (925) 407-2700
Email: ltfisher@bursor.com

Michael Liskow (State Bar No. 243899)
Janine L. Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (212) 899-1760
Facsimile: (332) 206-2073
Email:  mliskow@calcaterrapollack.com
Email:  jpollack@calcaterrapollack.com

Lori G. Feldman
**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (917) 983-9321
Facsimile: (888) 421-4173
Email: LFeldman@4-justice.com
E-Service: eService@4-Justice.com

David J. George
Brittany L. Brown
**GEORGE GESTEN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Phone: (561) 232-6002
Facsimile: (888) 421-4173
Email: DGeorge@4-Justice.com
E-Service: eService@4-Justice.com

Rebecca A. Peterson (State Bar No. 241858)
**LOCKRIDGE GRINDAL NAUEN**
**P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com

*Counsel for Plaintiffs*

- 43 -