UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ANNIE'S MAC & CHEESE LITIGATION. | Case No. 21-cv-02415-EMC <br><br> **ORDER RE JOINT STATUS REPORT** <br> Docket No. 43 |

The Court has reviewed the parties' joint status report. While Plaintiffs in the instant case and the *Franklin* Plaintiff have reached agreement, they are not in agreement with Defendants. In essence, Plaintiffs and the *Franklin* Plaintiff seek a stay of this suit so that the *Franklin* suit can go forward first. Defendants disagree, asking that the Court continue the litigation in this case, which includes a motion to intervene that was filed by the *Franklin* Plaintiff and a motion to dismiss which was filed by Defendants.

The request for a stay is governed by *Landis v. North American Co.*, 299 U.S. 248 (1936). In *Landis*, the Supreme Court noted that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time an effort for itself, for counsel, and for litigants." *Id.* at 254. The Ninth Circuit has "sustained, or authorized in principle, *Landis* stays on several occasions" and has set out the following framework where there is a request for such a stay:

> [T]he competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in

> terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111. Here, the orderly course of justice weighs in favor of a stay.

As a factual matter, both cases concern Annie's "mac & cheese" products and the marketing of such products without disclosing that the products contain (or risk containing) phthalates. Defendants suggest that the theory of liability in *Franklin* and that in the instant case are "distinct" because, in the former, the *Franklin* plaintiff is "proceeding substantially on a theory of affirmative misrepresentations" whereas, in the latter, Plaintiffs "made the tactical choice to specifically withdraw any allegations that the labeling of Annie's products is affirmatively misleading and rely instead solely on an omissions theory of relief." Status Rpt. at 6 (emphasis omitted). But Defendants do not fairly characterize the *Franklin* case which is just as much about omissions as affirmative representations. *See, e.g.*, *Franklin* FAC ¶ 29 ("Public reports and articles, including Defendants' own website, reveal that Defendants' Products contain phthalates. Despite this known risk, Defendants did not disclose anywhere on the Products' labels or its packaging that the Products contain phthalates. Nor did Defendants inform consumers of the risk associated with consuming phthalates.").

In addition, as a legal matter, there is notable overlap between the two cases. In both cases, there are claims for violation of New York General Business Law §§ 349 and 350 (New York class). In addition, both cases raise claims for breach of warranty (albeit express in Franklin, implied in the instant case) and unjust enrichment. Though the *Franklin* case asserts a nationwide class for the warranty and unjust enrichment claims, and the instant case state-specific classes (five total), there is nevertheless overlap. In light of the overlap, the orderly course of justice favors a stay as, without a stay, there could be inconsistent rulings (*e.g.*, on certification) by this Court and the *Franklin* court. Furthermore, given the overlap, proceedings in the instant case could be simplified by rulings in the *Franklin* case. For instance, if there were nationwide certification of the warranty and unjust enrichment claims in *Franklin*, that could – as a practical

matter – provide the relief Plaintiffs seek here (even though Plaintiffs have not brought nationwide but rather state-specific claims, including claims based on consumer protection statutes).

There is also no undue prejudice to Defendants if the Court were to stay the instant case. According to Defendants, staying this case would effectively give Plaintiffs in the instant case and/or the *Franklin* Plaintiff "two bites at the certification apple" and potentially "forc[e] [Defendants] to engage in class certification proceedings twice." Status Rpt. at 7. Defendants' position, however, seems overstated. If the certification motion were granted in *Franklin* in its entirety, then a significant portion of the instant case could, if only as a practical matter, be mooted. On the other hand, if the certification motion in *Franklin* were denied in its entirety, then the only "second bite" Plaintiffs would get in the instant case would be on the New York claims. They would only be getting a "first bite" at the apple for the California, Florida, Illinois, and Pennsylvania-specific claims (none of which are at issue in the *Franklin* case). The Court concludes that the potential efficiency outweighs any prejudice to Defendants.

Accordingly, the Court grants Plaintiffs' request to stay the instant case pending completion of class certification proceedings in *Franklin*.

**IT IS SO ORDERED**.

Dated: October 26, 2021

_____
EDWARD M. CHEN
United States District Judge